Vera McCARTY, Appellant,

v.

Verner E. BROWN, Appellee.

No. 494.

Court of Civil Appeals of Texas,
Tyler.

Oct. 22, 1970.

Rehearing Denied Nov. 19, 1970.

Saner, Jack, Sallinger & Nichols, H.
Louis Nichols, Dallas, for appellant.

Newman, Moore, Peterson & Frazer,
Rodney D. Moore, Dallas, for appellee.

MOORE, Justice.

This is a suit for a real estate agent's
commission under a written contract,
brought by Vera McCarty, a licensed real
estate agent, against Verner E. Brown, the
owner-seller of the realty. Both parties
filed motions for summary judgment; the
trial court overruled plaintiff's motion but
granted the motion of defendant, Brown.
From this judgment plaintiff, Vera Mc-
Carty, perfected this appeal.

The record shows that on June 15, 1967,
appellee Verner E. Brown and others as
sellers entered into a contract in the form
of a letter agreement with H. S. Rosenthal
as purchaser for the sale of approximately
three acres of land situated in the City
of Dallas. The agreement was expressly
conditioned upon Rosenthal obtaining on or
before the agreed closing on October 1,
1967, the following: (1) a written lease
for the property, (2) loan commitments for
interim and permanent financing satisfac-
tory to him, and (3) building permits and
zoning. Paragraph 5 of the agreement
recited the following clause:

"5. It is understood and agreed that
all commissions, finder's fees or other
fees due, payable or claimed by any party
in connection with the selling of the
Property and options to us and the sell-
ing of the option property, if we shall
exercise the options, shall be paid by us,
except that Verner E. Brown has agreed
to pay Vera McCarty $15,000 out of the
proceed of the note described in (ii) on
Page 2 hereof. You represent that you
have not engaged any other realtor."

Appellant Vera McCarty was not a party to the foregoing letter agreement.

On June 16, 1967, the day after the foregoing agreement was signed, Vera McCarty and Verner E. Brown entered into a letter agreement with respect to appellant's commission, as follows:

"June 16, 1967

"Messrs. Verner E. Brown
Bill N. Newman and
   Frank G. Newman
Dallas, Texas

"Gentlemen:

"Attached to this letter is a letter to you from Mr. H. S. Rosenthall, dated June 15, 1967, which you have accepted.

"I propose that if the sale contemplated in paragraph 1 of such letter is closed, that Verner E. Brown pay me a commission of $15,000.00 when the promissory note described in (ii) on page 2 of the said letter is paid in full. Such payment will fully compensate me and discharge any and all claims for commissions which I may have in connection with the sale provided for in paragraph 1 of the letter and any sale which may thereafter be made pursuant to paragraph 4 of the letter.

"In the event the sale provided for in paragraph 1 of the letter is not closed within the time provided therein, or any extension thereof then no commission is to be paid me whatsoever.

"I agree to indemnify you from any claim of commission by Vaughn Rozelle or any other realtor who has become associated with me.

"The payment of the aforementioned $15,000.00 shall also discharge any claim for commission which I may have against H. S. Rosenthall or Midwestern Companies, Inc. in connection with the matters described in the attached letter.

"I request that Mr. Brown sign in the space provided below to indicate his acceptance of the foregoing and agreement thereto.

"Yours very truly,

/s/ Vera McCarty
Vera McCarty

"AGREED:

/s/ Verner E. Brown
Verner E. Brown"

Upon determining that the sale could not be closed by October 1st the buyer and sellers by written agreement extended the closing date of the sale from October 1st until December 4, 1967. Subsequently Rosenthal found that he was unable to get interim financing satisfactory to him and he therefore refused to close on December 4, 1967. Brown refused to make any further extension of the contract, and as a result, the contract terminated on that date. Thereafter Rosenthal entered into a joint venture with five other men and new negotiations were commenced. On December 18th a new contract of sale and purchase was executed. Under the new contract appellee agreed to sell to B.R.S.T. Co., a joint venture composed of Herbert S. Rosenthal, Richard Rosenthal, W. Milton Bludworth, Edwin Tobolowsky, Henry D. Schlinger and Carlisle Blalock. Appellant did not participate in the negotiations leading to the execution of the new contract. Among other provisions the contract of December 18 recited as follows:

"It is understood and agreed that the agreement dated June 15, 1967 and the Contract of Sale dated July 1, 1967 between H. S. Rosenthal, as buyer, and Frank G. Newman, Bill N. Newman and Verner E. Brown, as Sellers, has expired and has not been extended and that the conveyances referred to herein are not pursuant thereto."

The contract of December 18th differs from the old contract in several material respects, to-wit: (1) the consideration in the old contract called for cash and vendor's lien notes, while the new contract provided for a consideration of a lesser amount of cash and notes with a conveyance to Verner E. Brown of other land, (2) the buyers, with the exception of Rosenthal, were different, (3) in the old contract Rosenthal agreed to be solely responsible for the deferred consideration, while the new contract contained no such provision, and (4) under the old contract Rosenthal agreed to buy Brown's option covering a portion of the land whereas in the new contract Brown agreed to assign his option to B.R. S.T., who agreed to exercise the option and buy that portion of the land directly from Frank and Bill Newman.

Appellant asserts that the trial court erred in granting appellee a summary judgment and in refusing to grant her a summary judgment for her commission. She argues that since the undisputed evidence shows that she brought the parties together, and a sale was ultimately consummated, she did all she was required to do to earn her commission and was therefore entitled to a summary judgment.

Since neither party asserts any ambiguity, the rights of the parties must be determined from the instruments as written without resort to parol evidence. Steeger v. Beard Drilling, Inc. 371 S.W.2d 684 (Tex.1963).

Our courts have held that in order for a real estate broker to recover for commissions alleged to be due him under his contract, a strict compliance with the terms of Article 6573a, Sec. 28, Vernon's Ann. Tex.Civ.St., known as the Real Estate License Act, is required. O'Boyle v. DuBose-Killeen Properties, Inc., 430 S.W.2d 273 (Tex.Civ.App., Dallas, 1968, ref. n. r. e.); Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584 (1960).

The outcome of the case turns on the intent of the parties expressed by the language used in the commission agreement. Upon a review of the instrument, we are convinced that the parties intended that as a condition precedent to liability for commissions, it was necessary that two conditions be met, to-wit: (1) that the sale of the property be closed on substantially the same terms as contemplated in Paragraph 1 of the sales agreement, and (2) that such sale be closed within the time stipulated therein or any extension thereof agreed to by the parties.

With respect to the first condition, it appears to us that the undisputed evidence shows that no sale of the property as contemplated in Paragraph 1 of the contract was ever consummated. While it is true that a sale was ultimately agreed upon, it was only after numerous changes had been made and upon substantially different terms. There is nothing in the evidence to suggest, and appellant does not contend, that the appellee changed the terms of the agreement for the purpose of defeating her claim for a commission. While it may be true that appellant complied with her contract insofar as she was able to do so, that fact standing alone would not entitle her to a commission. In order to recover on the contract she had the burden of showing that the sale was closed as contemplated by the parties in Paragraph 1 thereof. The agreement as prepared by her specifically states that "if" the sale was closed as contemplated in Paragraph 1 of the sales contract, she was to receive a commission of $15,000.00. Thus she tied her right to a commission to that contingency. Since her agreement so states, it must be assumed that appellee in accepting her offer accepted it only upon that basis. No sale having been consummated in accordance with Paragraph 1 of the sales agreement, it would appear that one of the vital conditions of the commission agreement had not been met, and for that reason appellant would not be entitled to a commission.

With respect to the second condition precedent imposed by the commission agreement relating to the time of closing appellant agreed that she would not be entitled to any commission whatever unless the sale was closed within the time limit set by the contract or any extension thereof. It is without dispute that the sale was not closed within the time limit set therein. While Rosenthal did testify that he considered the new contract an extension of the previous contract, his statement amounts to nothing more than an opinion. All the evidence shows that the parties refused to extend the old contract. In fact, appellant says in her own pleadings that the reason that the sale was not closed prior to December 4th was caused by the refusal of Rosenthal, the buyer, to close due to the fact that he was unable to get satisfactory interim financing. There is nothing in the evidence to suggest that the appellee did anything to delay the closing date of the sale for the purpose of defeating her claim for a commission, nor does appellant so contend.

The time limit in which the sale is to be closed as set by the parties in a real estate commission contract is binding on the broker unless the failure to close during the time limit is due to the fault of the owner or unless the seller and the buyer by some unilateral act agree to delay or rescind the sale solely for the purpose of defeating the broker's claim for commission. Lattimore v. George J. Mellina & Co., 195 S.W.2d 250 (Tex.Civ.App., Ft. Worth, 1946, n. w. h.) ; West Realty & Investment Co. v. Hite, 283 S.W. 481 (Tex.Com.App.) ; Peters v. Coleman, 263 S.W.2d 639 (Tex.Civ.App., Ft. Worth, 1953, n. r. e.) ; Parks v. Underwood, 280 S.W.2d 320 (Tex.Civ.App., Dallas, 1955, n. r. e.) ; O'Boyle v. DuBose-Killeen Properties, Inc., supra. None of those situations existed here. Accordingly for this additional reason appellant would not be entitled to a commission.

Judgment of the trial court is affirmed.