Catherine LLOYD, Appellant,

v.

Dr. Robert S. RAY, Individually and Dr. Robert S. Ray Association, Appellee.

No. 16336.

Court of Civil Appeals of Texas, San Antonio.

Sept. 24, 1980.

Rehearing Denied Oct. 22, 1980.

Van H. Johnson, San Antonio, for appellant.

Paul M. Green, Mark J. Cannan, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a summary judgment proceeding involving the effect of a release executed by the plaintiff, Catherine Lloyd, in a prior suit against another doctor. Plaintiff appeals from a summary judgment that she take nothing in her suit against Dr. Robert S. Ray, Individually and as Dr. Robert S. Ray Associates. Plaintiff will sometimes

hereinafter be referred to as "Lloyd," and defendant as "Dr. Ray."

In 1973, Lloyd was fitted with an intrauterine device by a gynecologist, Dr. Juan Garcia–Perez. Several months later, Dr. Garcia–Perez purportedly removed the device and assured Lloyd that he had done so. During the next four years Lloyd experienced various problems and consulted a number of doctors in an attempt to determine the cause of her abdominal problems. On December 30, 1976, she consulted Dr. Ray and X rays were taken, one of which showed the presence of the intrauterine device that was supposedly removed by Dr. Garcia–Perez and which was floating around in her abdominal cavity. Dr. Ray did not inform plaintiff that the intrauterine device was still present. Lloyd thereafter consulted another physician in September of 1977, who discovered the presence of the device in her abdominal cavity, after which the device was removed. Lloyd subsequently filed a suit for damages against Dr. Garcia–Perez, alleging negligence, and also violation of the Texas Deceptive Trade Practices Act, in which she asked for treble damages and attorney's fees. This case never went to trial and Lloyd signed a release, the construction of which is involved in the case before us.[1] In such transaction she received the sum of $5,000, and a take–nothing judgment was thereafter entered in Lloyd's suit against Dr. Garcia–Perez. The suit herein was filed by Lloyd on March 9, 1979, against Dr. Ray for negligence in failing to properly diagnose the presence of the intrauterine device in Lloyd's abdominal cavity, and seeking damages against appellee for medical expenses incurred and pain and suffering experienced by appellant from the date appellee should have discovered, from his X rays, the intrauterine device until the time the device was actually removed from appellant's abdomen.

Appellee filed a motion for summary judgment asserting that he was entitled to a summary judgment as a matter of law because (a) appellant fully released her claims by the prior settlement agreement, and (b) appellant is entitled to only one satisfaction of the same injuries.

The trial court's rendition of summary judgment here can only be sustained if the record establishes as a matter of law that (a) the release appellant executed precluded her from maintenance of any suit against appellee, or (b) appellant has received full satisfaction for her damages. The record before us fails to establish either of such elements as a matter of law and the summary judgment for appellee must fall.

Appellant relies heavily on *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971). In *McMillen*, the Supreme Court of Texas held that the unity of release rule would no longer be followed in Texas and that releas-

---

1. The release signed by Catherine Lloyd on August 23, 1978, is as follows:

Release

STATE OF TEXAS }
} KNOW ALL MEN BY THESE
COUNTY OF GUADALUPE } PRESENTS:

THAT I, CATHERINE LLOYD, for and in consideration of the sum of FIVE THOUSAND DOLLARS ($5,000.00) paid to me on behalf of JUAN GARCIA–PEREZ, receipt of which in full is hereby acknowledged, do hereby fully and finally release and forever discharge JUAN GARCIA–PEREZ, as well as all other persons, firms and corporations of an from all claims and causes of action arising from or in any way connected with medical treatment by the said JUAN GARCIA-PEREZ and the claims and causes of action asserted in Cause No. 77–653 in the District Court of Guadalupe County, Texas, hereby fully and finally releasing all claims and caus-

es of action which were or could have been asserted in said Cause No. 77–653 in the District Court of Guadalupe County, Texas.

It is expressly agreed this is a compromise settlement of disputed claims and it is not an admission or indication of any fault whatsoever on the part of the defendant JUAN GARCIA -PEREZ.

No other consideration than that stated herein has caused me to sign and deliver this full and final release.

SIGNED this 23rd day of August, 1978.

/s/ Catherine Lloyd
CATHERINE LLOYD

SUBSCRIBED AND SWORN TO before me by Catherine Lloyd on this 23rd day of August, 1978.

/s/ Connie L. Porter
Notary Public, Guadalupe County, Texas

(Notarial Seal)

es thereafter executed would only be effective to release those parties named or otherwise specifically identified thereto. In so holding the Court preserved the rule that a claimant in no event would be entitled to recover more than the damages required for full satisfaction of his damages.

■ Appellee concedes that *McMillen* abolished the unity of release rule and that he is not named in the release, but asserts he is otherwise specifically identified. We have carefully studied the release here involved and we do not consider it as either naming appellee or otherwise specifically identifying him.[2] Appellee attempts to distinguish *McMillen* from this case on the ground that *McMillen* concerned joint tortfeasors who acted to produce indivisible injuries, one aggravating injuries produced by the first, and, further, that Dr. Ray is at best a successive tortfeasor. The Court in *McMillen* did not define a successive tortfeasor, or pass on the effect thereof. The Court in *McMillen* did refer to the defendants in *McMillen* as subsequent tortfeasors and applied the rule developed in that case to such defendants. We hold that Dr. Ray falls in the same category as the defendants in *McMillen* and the rule set forth in *McMillen* applies to the release executed by appellant, and, therefore, the release signed in the Garcia–Perez case was ineffective as a release of appellee.

■ Appellee also asserts that the summary judgment is proper because appellant has received full satisfaction of her damages by the acceptance of the sum of $5,000 and the execution of the release hereinabove discussed. We reject this contention for a number of reasons. The case before us is a separate and distinct cause of action that differs from the cause of action against Dr. Garcia–Perez. The first case against Dr. Garcia–Perez involved the alleged negligence of such doctor in failing to properly remove the intrauterine device and also violation of the Texas Deceptive Trade Practices Act. The case against Dr. Ray involves the alleged negligence of Dr. Ray in failing to discover the presence of such device or, if he discovered it, the failure to inform appellant after viewing the X rays taken. Appellee's failure to diagnose and inform is as actionable as if he had acted affirmatively to produce an injury. *Rose v. Friddell*, 423 S.W.2d 658 (Tex.Civ.App.–Tyler 1968, writ ref'd n. r. e.). The first case was compromised and settled and appellant was paid the sum of $5,000, but there never was a trial on the merits in which either findings of fact or findings of damages were made by the court or jury. There is no way of ascertaining what portion of the $5,000 paid appellant was by reason of negligence or by violation of the Texas Deceptive Trade Practices Act. The cause of action in the first case arose approximately four years before the alleged acts of negligence of Dr. Ray in this case, and there is a period of approximately nine months in which a possible overlapping exists as to some elements of both liability and damages attributable to the two doctors. There is no way in this summary judgment proceeding for the trial court or this court to determine either the extent of liability or the amount of damages in such period as to the two doctors involved.

■ Satisfaction of a claim is sometimes confused with the release of a cause of action. Satisfaction is the acceptance of full compensation for an injury, while a release is a surrender of the cause of action. *McMillen v. Klingensmith, supra.* Whether appellant accepted full satisfaction as opposed to merely releasing a cause of action against Dr. Garcia–Perez in the first suit is dependent upon her intent, and, ordinarily, a compromise settlement does not bar a suit on matters not within the contemplation of the parties. Questions of intent are ordinarily fact issues. *See Dickens v. United States*, 378 F.Supp. 845 (S.D.Tex.1974), aff'd, 545 F.2d 886 (5th Cir. 1977); *Lubbock*

---

**2.** *See Duke v. Brookshire Grocery Co.*, 568 S.W.2d 470 (Tex.Civ.App.–Texarkana 1978, no writ), where a release similar to the one here involved was held not effective to release Brookshire, a party not named in the release, but in which the contention was made that it was otherwise sufficiently identified.

*Manufacturing Co. v. Perez*, 591 S.W.2d 907 (Tex.Civ.App.–Waco 1979, no writ).

The summary evidence does not establish as a matter of law that appellant has received full satisfaction of her damages involved.

There are disputed issues of fact as to both liability and damages. The trial court erred in granting appellee's motion for summary judgment.

The judgment of the trial court is reversed and the case remanded to the trial court for a new trial.