**C. W. YARBROUGH, Appellant,**

v.

**HELMERICH AND PAYNE, INC., Appellee.**

**No. A2494.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 13, 1981.

Thomas M. Harlan, Houston, for appellant.

William E. Matthews, David Speed Elder, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and COULSON and MILLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is a breach of contract and fraud action. The trial court rendered judgment, based on the jury verdict, in favor of the defendant.

C. W. Yarbrough (appellant) was employed by F. H. Maloney Company (Maloney) at the time Helmerich and Payne, Inc. (appellee) purchased Maloney in 1963. Appellee employed appellant as the development laboratory manager of the newly-acquired Maloney division. Appellant received promotions and, in 1969, as vice-president of research and development, signed a stock option contract to purchase appellee's stock. Under the terms of that contract, appellant was required to remain with appellee for two years, after which time he could exercise the option anytime between the end of the second and the end of the fifth year. Appellant exercised his option under that contract in 1974.

On May 25, 1973, appellant signed another stock option contract with appellee. This contract became the subject of the instant dispute. The 1973 option contract provided, in relevant part: (1) appellant had the right to purchase the stock upon the terms and conditions set forth in the contract; (2) appellant could exercise the option between February 25, 1978 and May 24, 1978; (3) during the exercise period, appellant could purchase a total of 1000 shares at $23.00 per share; (4) the right terminated on May 24,

1978; (5) except in the event of death or permanent disability, *any* termination of appellant's employment before May 25, 1975 —two-years from the execution date— would also terminate all of appellant's then outstanding stock option rights; (6) "[p]erformance of the two-year employment obligation hereunder shall not entitle [appellant] to any rights hereunder if employment ceases prior to February 25, 1978;" and (7) with exceptions not relevant here, the "option shall terminate if [appellant] ceases to be a full-time employee of [appellee]." Appellant received a copy of the contract. He does not claim that he had no opportunity to read it.

On November 30, 1975, appellee sold the assets of the Maloney division and, at the same time, terminated appellant's employment. The new owners of Maloney, Ramteck Industries, Inc., hired appellant, raised his salary and gave him a bonus and stock options in the new company. When appellant attempted to exercise the option on appellee's stock under the disputed contract with appellee, appellee informed him that his option rights had terminated. Appellant brought this suit for breach of contract and fraud. The trial court held appellant's contractual rights had terminated as a matter of law and submitted the case on fraud issues. The jury found against appellant on the liability issues but found $28,000.00 actual damages for fraud and $28,000.00 punitive damages. The court entered a take-nothing judgment against appellant on the verdict.

█ Appellant first argues that appellee had no right to terminate appellant's employment and his option rights without sufficient notice. The contract is clear and unambiguous. Appellant did not acquire any vested option rights under the contract in question by fulfilling the two-year employment obligation. The contract specifically provides that the stock option rights would terminate if employment ceased before the exercise period. It is difficult to comprehend appellant's claim that he did not know he had stopped working for appellee when his testimony at trial was (1) he

knew Maloney was going to be sold and (2) his new employer raised his salary and gave him a bonus and stock options. Appellant's first point of error is overruled.

Next, appellant contends the court should have reformed the contract because it was ambiguous. Appellant appears not to understand the purpose of the clause which requires appellant to work for appellee for two years, and provides that termination of employment during such period would also terminate *all* outstanding stock option rights. The initial sentences of such clause condition the continuation of *all* appellant's outstanding stock option rights, those granted by this contract as well as those granted by prior and/or subsequent contracts, on fulfillment of the two-year employment obligation. The last sentence reads "performance of the two-year employment obligation under this contract shall not entitle [appellant] to any rights hereunder if employment ceases prior to February 25, 1978." This sentence makes it clear that fulfillment of the two-year employment obligation alone will not satisfy all the conditions of the contract so as to allow the exercise of the option rights. When the contract is read as a whole, it is apparent that, with certain exceptions not applicable here, appellant must have been an employee of the appellee on February 25, 1978 in order to be eligible to exercise the option. The contract and the clause are not ambiguous.

█ Appellant also contends there is a fatal conflict in the jury's answers to the special issues since they found against appellant on the fraud liability issues but found both actual and punitive damages. The damage issues, and the jury's answers thereto, were rendered immaterial by the jury findings on liability; therefore, no fatal conflict exists. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949); 4 McDonald, *Texas Civil Practice*, § 17.31 (1970). The fraud issues were submitted as requested by appellant. The jury responded unfavorably to appellant. The evidence amply supports, if it does not compel, the jury findings.

Finally, appellant argues the trial court should have submitted his requested issue inquiring whether the sale of Maloney was a merger, consolidation or reorganization. Appellant points to the anti-dilution clause of the option contract as a provision preventing termination of his option rights in the event appellee merges, consolidates or reorganizes. The clause reads: "In the event [appellee] is merged, consolidated or reorganized with another corporation, appropriate provision shall be made for the continuance of outstanding option rights and to prevent their dilution or enlargement...." Making the questionable assumption that the transaction involved was a merger, consolidation or reorganization rather than a sale, the rights would still terminate in the event appellant's employment with appellee ended before February 25, 1978. Appellant does not claim that Ramteck Industries, Inc., the purchaser of Maloney, is in any way affiliated with appellee. It is undisputed that appellant ceased working for appellee on November 30, 1975. Appellant did not meet the conditions of the contract. His option rights terminated on November 30, 1975 as a matter of law. Therefore, the classification of the transaction is irrelevant in the instant case.

We have considered appellant's other points of error and find them without merit. Appellant's points of error are hereby overruled. Consequently, we do not consider appellee's cross-points.

The judgment of the trial court is affirmed.