**Patrick N. MORGAN, Trustee, Appellant,**

v.

**Jacquelline LETELLIER, d/b/a Camelot Interests, Appellee.**

No. 01–84–0098–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1984.
Rehearing Denied Sept. 13, 1984.

Bill R. Bludworth, Wood, Lucksinger & Epstein, Houston, for appellant.

Stephen J. Cavanaugh, Bellaire, for appellee.

Before EVANS, C.J., and WARREN and BULLOCK, JJ.

## OPINION

WARREN, Justice.

This is a suit by appellee to recover a real estate broker's commission allegedly due under an earnest money contract.

On June 1, 1979, Cord Land Development and Investment of Texas, Inc., by written contract, agreed to buy 30 acres of land, from Patrick N. Morgan, Trustee (seller or appellant) for $1,731,510. The contract among other things, provided that seller would pay Pat Morgan and Camelot Interests a 6% real estate commission (50% each), upon final consummation. A handwritten addition to the contract stated "closing on or before September 4, 1979."

On August 21, 1979, the buyer and seller agreed to extend the sales contract to October 19, 1979. That letter agreement provided that if the closing did not occur on or before October 19, the earnest money contract dated June 1, 1979 would be null and void. The sale did not close on or before October 19, but the buyer and seller continued negotiations and the sale was finally closed on December 14 for a purchase price of $1,711,510. Appellee was not a party to either of these agreements and had no knowledge of the agreements until after they were made.

Although appellee made several inquiries about the status of the negotiations and as to the closing date, appellant would give her no information. After the closing, conducted without appellee's knowledge, appellee learned that her commission was to be paid by a promissory note from the buyer instead of by the seller as provided in the contract.

Appellee sued appellant for her commission due under the contract. After both sides closed, the trial judge held as a matter of law, that on December 14, 1979, a contract existed between appellant and appellee and that appellant breached the contract.

In answer to five special issues, the jury found that:

(1) Plaintiff (appellee) did not accept the note from Cord as a substitution for cash payment of the real estate commission referred to in the earnest money contract dated June 1, 1979;

(2) Patrick Morgan, Trustee was negligent in failing to advise appellee of the December 14th amendment to the earnest money contract of June 1st;

(3) the negligence was a proximate cause of appellee's damage;

(4) $51,945.30 would compensate appellee for her damages; and,

(5) $7000 would be reasonable attorney's fees for representation through trial, and $4000 additional fees would be reasonable if the case was appealed.

Appellant contends: (1) that as a matter of law appellee was not entitled to a commission; (2) that the court should have submitted issues to the jury regarding the existence of a contract on December 14 and as to whether the contract was breached, rather than holding as a matter of law that the contract existed and was breached by appellant; (3) that the court should have submitted his tendered special issues as to:

(a) whether appellee procured a purchaser ready, willing, and able to purchase within the specified contractual time period;

(b) whether the parties intended that the contract would expire on September 4, 1979;

(c) whether the parties to the earnest money contract agreed to extend the closing date from September 4, 1979 to October 19, 1979; and

(d) whether the parties to the earnest money contract intended that it would expire on October 19, 1979 if it did not close on that date;

and (4) that the court erred in submitting negligence issues.

■ We agree that the negligence issues should not have been submitted, but as appellant made no objection to their submission, any error was waived. Tex.Rules Civ.Pro. 272.

Appellant's remaining complaints are without merit.

Appellant's main contention is that although appellee might have been entitled to a commission under the June 1 contract, that contract expired and the sale was consummated under the December 14 contract to which appellee was not a party.

■ The original contract, dated June 21, provided that "Seller agrees to pay to Pat Morgan and Camelot Interests, Agent a commission of 6% for the sale of the above property upon final consummation (50% each)." The contract also contained a penciled addition stating "closing on or before September 4, 1979," but it contained no language that would limit or expand the agent's rights under the other terms of the contract. As appellee was not a party to the August 21 or the December 14 agreement, she would not be bound by the terms of those agreements. *Stitt v. Royal Park Fashions, Inc.*, 546 S.W.2d 924 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.). The contract does not limit the right of the agent to collect a commission either during a specific time or at a specific price.

■ It is undisputed that the sale described in the earnest money contract of June 21 was consummated on December 14 and that appellant refused to pay appellee her commission. Appellee was entitled to recover its commission from appellant as a matter of law, and the trial judge correctly refused to submit issues concerning these rights of the parties. In fact, the only issue raised by the record is whether appellee accepted the note from Cord in lieu of the commission due appellant under the June 21 contract. Appellant's contention, that the court should have submitted his tendered issues on whether appellee procured a purchaser ready, willing, and able to purchase within the specified contractual time, and whether there was a contract existing in favor of appellee which was breached, has no merit. The contract in issue is not a listing agreement, in which the usual requirement is that a broker must, within a specified time, furnish a purchaser who is ready, willing, and able to buy the listed property on terms and at a price agreeable to the seller. Therefore, those issues would not be applicable to our case.

The other requested issues were immaterial because the broker's commission became payable upon consummation of the sale described in the earnest money contract and the sale in our case was consummated. Whether the parties intended that the contract expire on the anticipated date of closing would not be material because there was no specific language in the contract altering the broker's rights if the sale was not closed on or before the anticipated date of closing.

■ Parties to an earnest money contract may agree by specific language in the contract that a commission shall be payable only upon the sale of property within a specified time limit. *McCarty v. Brown*, 460 S.W.2d 450 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r.e.). But the broker's right to a commission cannot be defeated by a modification of a contract by the buyer and seller without the broker's consent, even if the modification extends the time for closing and changes the purchase price or the terms of payment. *Pierce v. Pois*, 15 S.W.2d 1072 (Tex.Civ.App.—Amarillo 1929, no writ).

The special issues tendered by appellant regarding the parties' agreement to extending the closing date or of their intention as to when the contract would expire were properly refused. First, there is no evidence to support their submission and second, these issues, when viewed in light of the contract and testimony were not controlling issues.

The judgment is affirmed.