Cathy BROWN and Husband, Ricky Brown, Appellants,

v.

Dr. Rachel J. ARMSTRONG, Appellee.

No. A14–85–847–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 26, 1986.

Rehearing Denied Aug. 14, 1986.

John H. Holloway, Houston, for appellants.

Dan Ryan, John C. Marshall, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The opinion of this court dated May 29, 1986 is withdrawn and the following is substituted therefor.

Appellants appeal from a take nothing judgment rendered by the trial court in a medical malpractice case brought against Dr. Rachel J. Armstrong (Dr. Armstrong). We affirm.

In the Spring of 1980, appellant Mrs. Cathy Brown (Brown) suspected that she might be pregnant. A visit to the county nurse confirmed her suspicions. Brown then consulted Dr. Armstrong. She was seen by Dr. Armstrong on three different occasions. Each time she related complications she had been experiencing with her pregnancy. Brown's last visit to Dr. Armstrong was on May 19, 1980. On May 28, 1980, she became ill. She was taken to the emergency room of a Columbus hospital and shortly thereafter flown to Hermann Hospital in Houston where surgery was performed. It was discovered that she was suffering from the complications of a tubal pregnancy.

In their medical malpractice case, appellants allege that Dr. Armstrong was negligent in failing to diagnose a tubal pregnancy. Additionally, they allege that Dr. Armstrong failed to obtain her "informed consent" to administer the proper treatment and diagnosis in question. Finally, and in the alternative, they allege that Dr. Armstrong was negligent in failing to perform additional examinations to determine whether the patient had a tubal pregnancy.

The case was tried to a jury. Seven special issues were submitted. The first two issues asked the jury whether Dr. Armstrong was negligent in her diagnosis or treatment of Brown. The jury found no negligence. Special issues three through five concerned the issue of "informed consent." The jury found that Dr. Armstrong failed to inform Brown of the nature and extent of the complications, risks, dangers and detriments involved with a tubal pregnancy and/or that Dr. Armstrong failed to inform Brown of alternative methods of diagnosis so that Brown could make a knowledgeable, intelligent and fully informed decision in regard to her pregnancy. The jury found that Dr. Armstrong failed to obtain her informed consent in connection with treatment of the tubal pregnancy, that Brown would not have refused treatments or tests to diagnose the tubal pregnancy, and that such failure to obtain her informed consent was a proximate cause of her damages. Special issues six and seven concerned damages sustained by appellant.

The trial court, on motion for judgment filed by Dr. Armstrong, entered a judg-

ment that plaintiffs take nothing. Apparently, the court based its decision on the answer to special issue one and disregarded the answers to special issues three through seven. The trial court subsequently denied Brown's motion for new trial and motion to disregard the finding in special issue one. Dr. Armstrong did not file a motion to disregard the answers to special issues three through seven.

The applicability of informed consent to medical malpractice causes is governed by the Medical Liability and Insurance Improvement Act enacted in 1977. Tex.Rev. Civ.Stat.Ann. art. 4590i (Vernon Supp. 1985). Section 6.02 of the Act provides:

In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to disclose or adequately to disclose the risks and hazards involved in the *medical care or surgical procedure rendered* by the physician or health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.

The Texas Medical Disclosure Panel, created by section 6.03 of the Act, is required under section 6.04 of the Act, to evaluate all medical and surgical procedures to determine whether disclosure is required, and, if so, how much disclosure is required. Once evaluated, each procedure is placed on one of two lists. List A contains all procedures which require some disclosure. List B contains all procedures which require no disclosure. Section 6.07(a) of the Act, establishes a rebuttable presumption that the doctor was negligent for failure to disclose risks in medical procedures found on List A. Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1985); *Peterson v. Shields*, 652 S.W.2d 929, 931 (Tex.1983).

If no determination regarding a duty of disclosure has been made by the panel, the physician under section 6.07(b) of the Act, is under the "duty otherwise imposed by law." This duty is to disclose all risks or hazards which could influence a reasonable person in making a decision to consent to a medical procedure. *Peterson v. Shields*, 652 S.W.2d at 931.

Both section 6.07(a) and section 6.07(b) presuppose that "medical care" or "surgical procedure" has been "rendered." This requirement is absent in appellant's case. There was no medical care or surgery. Appellant's complaint relates to a *failure* to diagnose tubal pregnancy and order tests necessary to do so.

In *Wilson v. Scott*, 412 S.W.2d 299 (Tex. 1967), the supreme court stated:

[p]hysicians and surgeons have a duty to make a reasonable disclosure to a patient of risks that are incident to medical diagnosis and treatment. This duty is based upon the patient's right to information adequate for him to exercise an *informed consent to or refusal of the procedure. Id.* at 301.

It is apparent that the doctrine of informed consent applies only to medical procedures which have yet to be performed. *Roark v. Allen*, 633 S.W.2d 804 (Tex.1982); *See Johnson v. Whitehurst*, 652 S.W.2d 441, 444 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *See also, Jacobs v. Theimer*, 519 S.W.2d 846 (Tex.1975).

■ In our case, there was no evidence as to Brown's being required to give her consent to any medical treatment, prescription or operation yet to be performed. No evidence was adduced at trial to establish that Dr. Armstrong required Brown to submit to any surgical treatment, operation or medical care without disclosing the risks involved before rendering such procedure or care. The only evidence presented was of a possible misdiagnosis of Brown's pregnancy such that there may have been a failure to perform necessary surgery. Such misdiagnosis or mistreatment may constitute negligence but it does not constitute a cause of action based upon the theory of "informed consent." *Lloyd v. Ray*, 606 S.W.2d 545 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *Rose v. Friddell*, 423 S.W.2d 658 (Tex.Civ.App.—Tyler 1968,

writ ref'd n.r.e.). Appellants have failed to meet the requirements to raise a fact issue as to informed consent.

Appellants cite us to *Sullivan v. Methodist Hospitals of Dallas,* 699 S.W.2d 265 (Tex.App.—Corpus Christi 1985, no writ); *Ford v. Ireland,* 699 S.W.2d 587 (Tex.App. —Texarkana 1985, no writ); *City of Houston v. Arney,* 680 S.W.2d 867 (Tex.App.— Houston [1st Dist.] 1984, no writ), as authority for their theory of recovery. We feel that these cases are not applicable to this cause. In *Ford,* the plaintiffs appealed the trial court's granting of a summary judgment in favor of Dr. Ireland. The Fords' had filed a medical malpractice action against Dr. Ireland for his failure to inform of the risks and hazards involved in delaying the removal of a metal splinter from Mr. Ford's eye. The appellate court, without reaching the merits of the "informed consent" issue, reversed because the summary judgment evidence of Dr. Ireland did not directly refute the Fords' cause of action. *Ford v. Ireland,* 699 S.W.2d at 589. The court in *Sullivan,* did not discuss the issue of "informed consent" but they did discuss the issue of failure to diagnose. In *Sullivan* the court stated that a physician's failure to diagnose a condition and inform the patient of that condition constitutes a cause of action in negligence. *Sullivan,* 699 S.W.2d at 274 citing *Lloyd v. Ray,* 606 S.W.2d 545 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.); *Rose v. Friddell,* 423 S.W.2d 658 (Tex. Civ.App.—Tyler 1967, writ ref'd n.r.e.). The holding in *Sullivan* does not support appellants' "informed consent" issues but it does support their theory of failure to diagnose, which can be found in special issue number one. In *Houston,* judgment was granted for plaintiff based upon sanctions and the merits of the cause of action were not reached. Therefore, issues as to informed consent are not raised by this record.

In points of error one through five appellants argue that it was error for the trial court to render judgment based upon the jury's negative finding to special issue one. Absent a motion to disregard by the de-

fendant the trial court could not ignore the findings of special issues three through seven. Nor could the court grant a judgment based upon a general negligence issue when the jury has found a specific act of negligence in favor of plaintiffs. The essence of appellants' arguments is that the trial court erred in rendering judgment without a motion to disregard the jury's affirmative findings to special issues three through seven.

■ A trial court may not enter a judgment non obstante veredicto or disregard special issues except upon written motion and notice. *Hines v. Parks,* 128 Tex. 289, 96 S.W.2d 970, 972 (1936). A trial court may disregard the jury's finding on immaterial issues and render judgment based upon the remaining findings. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966); *J.R. Neatherlin Corp. v. Baughman,* 580 S.W.2d 129, 130 (Tex. Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Cf. Pickett v. J.J. Willis Trucking Co.,* 624 S.W.2d 664, 668–69 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Such a judgment is not considered as one rendered non obstante veredicto. *T.A. Manning & Sons, Inc. v. Ken-Tex Oil Corp,* 418 S.W.2d 324, 326 (Tex.Civ.App.— Austin 1967, writ ref'd n.r.e.). Nonetheless, a trial court on its own motion may disregard the jury's answer to immaterial issues. *Southern Pacific Transportation Co. v. Allen,* 525 S.W.2d 300, 304 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ); *Ridout v. Mobile Housing, Inc.,* 497 S.W.2d 66, 67 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). An issue is immaterial when it should not have been presented to the jury and such finding is inapplicable to the case. *Ridout v. Mobile Housing, Inc.,* 406 S.W.2d at 67–68; *Robberson Steel, Inc. v. J.D. Abrams, Inc.,* 582 S.W.2d 558, 564 (Tex.Civ.App.—El Paso 1979, no writ); *Dennis v. Allison,* 678 S.W.2d 511, 513 (Tex.App.—El Paso 1984), *aff'd on other grounds,* 698 S.W.2d 94 (Tex.1985); *See* Tex.R.Civ.P. 301. It is only when the issue is material that the judgment must conform to the findings. *T.A. Manning &*

*Sons, Inc. v. Ken-Tex Oil Corp.*, 418 S.W.2d 324, 326 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.); *Southern Pacific Transportation Co. v. Allen*, 525 S.W.2d at 304; *Dewberry v. McBride*, 634 S.W.2d 53, 55 (Tex.App.—Beaumont 1982, no writ). Because the issues on informed consent were immaterial, the trial court properly disregarded such issues when entering judgment. Accordingly, points of error one through five are overruled.

■ In their sixth point of error, appellants argue that there is a fatal conflict in the jury's negative answer to special issue one and their affirmative answers to special issues three through seven. The standard to apply in deciding whether there is a conflict was established in *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949), to wit: the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered. *Id.* at 991. Appellants cannot meet this test because the "informed consent" issues are immaterial to the cause of action proved by appellants. We consider a conflict between material and immaterial issues not to be a conflict as described by the Supreme Court. *See Little Rock Furniture Mfg. Co. v. Dunn, supra; Bender v. Southern Pac. Transp. Co.*, 600 S.W.2d 257 (Tex.1980). Additionally, the jury's answers to the damage issues were rendered immaterial by the jury's finding on liability; therefore, no conflict exist between the findings of special issues one, six and seven. *Yarbrough v. Helmerich and Payne, Inc.*, 616 S.W.2d 444, 445 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Kroger Co. v. Hughes*, 616 S.W.2d 287 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). Point of error six is overruled.

Appellants, in point of error seven, assert that the jury's negative answer to special issue one was against the great weight and preponderance of the evidence. In ruling on this point we must examine the whole record to determine whether the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (1986). As stated in *Pool, In Re King's Estate* did not intend for us to consider all of the facts and then decide the case according to our interpretation of the evidence. We are not free to reweigh the evidence and set aside a jury verdict merely because we feel that a different result is more reasonable. *Pool*, 715 S.W.2d at 634, *citing, Dyson v. Olin Corp.*, 692 S.W.2d 456, 458 (Tex.1985) (Robertson, Jr., concurring).

In *Pool*, the court recognized the difficulty in setting aside a jury's non-finding of negligence by stating:

> While a cogent argument may be made in support of the right to hold that insufficient evidence exist to uphold a jury's affirmative finding, it becomes more difficult to rationalize why, when a jury fails to find a fact from a preponderance of the evidence, that nonfinding should be set aside on a great weight and preponderance standard. That does appear to be allowing a substitution of thought processes. *Pool*, 715 S.W.2d at 634.

■ In reviewing the whole record we find that the jury's answer is not so against the great weight and preponderance as to be manifestly wrong or unjust. Point of error seven is overruled.

■ In points of error eight and nine appellants argue that the court erred in

refusing to submit two requested issues. Appellants requested issues as to the negligence of Dr. Armstrong in failing to recommend or obtain ultrasound test to diagnose the nature of the pregnancy and as to whether Dr. Armstrong's failure to diagnose a tubal pregnancy was negligence. These requested issues constitute questions revolving around the negligence of Dr. Armstrong in her treatment and diagnosis of Brown. These requested issues address the same fact question which was addressed in the trial court's special issue number one. The trial court did not commit error when it refused to submit these specific questions of negligence over its general negligence charge. The trial court has the discretion to submit separate issues with respect to each question of negligence or to submit issues broadly. Tex.R.Civ.P. 277; *Members Mutual Ins. Co. v. Muckelroy*, 523 S.W.2d 77, 81—83 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Unless there is a clear showing of abuse of discretion this decision will not be overturned. *DeAnda v. Home Ins. Co.*, 618 S.W.2d 529, 534 (Tex.1980). Once the controlling issue has been submitted, it is not error for the trial court to refuse to submit other issues and various shades of the same issue. *J.V. Harrison Truck Lines, Inc. v. Larson*, 663 S.W.2d 37, 40 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Rodriquez v. Estes*, 635 S.W.2d 918, 920 (Tex.App.—Amarillo 1982, no writ). Appellants' points of error eight and nine are overruled.

Accordingly, the judgment of the trial court is affirmed.