NUMBER 13-99-512-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

______________________________________________________________

 

CLARENCE AND ZELLA ANDREWS,                                      Appellants,

 

                                                   v.

 

CHARLES
E. SULLIVAN d/b/a CHARLES E. 

SULLIVAN
REALTY,                                                               Appellee.

______________________________________________________________

 

       On appeal from the 129th District
Court of Harris County, Texas.

______________________________________________________________

 

                                   O P I N I
O N

 

                      Before
Justices Hinojosa, Castillo and Amidei[1]

                            Opinion by Assigned
Justice Amidei

 

This is an
appeal from an adverse judgment following a jury verdict in a suit on an
earnest money contract and for fraud to recover a real estate broker's
commission. 








Appellee, Sullivan
Realty, orally contracted with Clarence and Zella
Andrews, appellants, to find a buyer to purchase the Andrews= motor inn for
a purchase price of $390,000; Sullivan was to receive a four percent real
estate commission.  Thereafter, Sullivan
obtained a written earnest money contract and $5,000 earnest money from the
Patel brothers expressly providing for a four percent or $15,600 real estate
commission to Sullivan.  The closing of
the contract was delayed several times, but prior to closing the Andrews told
Sullivan the sale was off, and at the Patels= request
Sullivan signed a release of the $5,000 earnest money to the Patels.  The month
after the release the Andrews sold the motor inn to the Patels
with the Andrews= daughter as
the agent and without paying Sullivan any commission.  At trial, the jury found in favor of appellee in each of six questions submitted to the jury as
follows: 

(1) Appellants= failure to
comply with the agreement to pay a commission to appellee
was not excused; 

 

(2) Appellants
obtained the release by fraud; 

 

(3) There was
clear and convincing evidence that appellants committed fraud against appellee; 

 

(4) $15,600
would fairly and reasonably compensate appellee for
its damages, which included only one element: 
The commission for the sale of the property in question; 

 

(5) $20,000 is
the reasonable fee for the necessary services of appellee's
attorney in the case; 

 

(6) $5,000 as
exemplary damages awarded to appellee. 

 

Standard of
Review


 








The appellants= issues based
on legal and factual insufficiency of the evidence and charge errors cannot be
reviewed by the ordinary standard of review for insufficiency of evidence and
charge errors because appellant failed to bring forward a record complete with
all the exhibits.  See Tex. R. App. P. 34.6(b)(1).  Appellants requested a record and, although
granted numerous extensions, never requested the exhibits as required.  Appellants did not request a partial
reporter's record.  See Tex. R. App. P. 34.6(c).  Therefore, we cannot hold the judgment is
erroneous because of claimed factual or legal insufficiency of the evidence
without a complete record.  Englander
Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex. 1968)(per curiam).  Nor can we determine whether there are any
alleged charge errors because the entire record is not available for our review.  Island Recreational Dev. Corp. v. Republic of
Tex. Sav. Ass'n, 710
S.W.2d 551, 555 (Tex. 1986). 

To preserve
appellate complaints the record must show that (1) the complaint was made to
the trial court by a timely request, objection or motion that stated the
grounds for the ruling the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context; (2) complied with the
requirements of the Texas Rules of Evidence or the Texas Rules of Civil or
Appellate Procedure; (3) the trial court ruled on the request, objection, or
motion, either expressly or implicitly; or (4) that the trial court refused to
rule on the request, objection or motion, and the complaining party objected to
the refusal.  See Tex. R. App. P. 33.1(a). 

Issues
Presented









Appellants= brief contains
sixteen issues.  Appellants group issues
1, 2, 3, and 4 to argue that jury question number 2 was improperly submitted by
the trial court because it was immaterial and was not supported by sufficient
proof.  The appellants= only objection
to jury questions number 2 and 3 was as follows: 

My only
objection to Questions number 2 and 3 is that I believe that it gives the Plaintiff
two bites at the fraud question and there is no evidence of either fraud as far
as Question Number 1 nor Question Number 3, so he attempts to have a fraud
question with regard to Question Number 2 and Question Number 3. 

 








The appellants= motion for
judgment notwithstanding the verdict containing only one ground that there was Ano evidence@ to support the
jury's finding of common law fraud was never ruled on by the trial court.  The appellants= brief raises a new argument over the
applicability of section 27.01 of the Texas Business and Commerce Code, and
concludes jury question number 2 was immaterial.  In an attempt to avoid waiver, appellants
cite Brown v. Armstrong, 713 S.W.2d 725, 728 (Tex. App.BHouston [14th
Dist.] 1986, writ ref'd n.r.e.),
for the proposition, Aan objection to
the submission was not even necessary because issues concerning the materiality
of a question and sufficiency of the evidence to support a question may be
raised for the first time after verdict.@  However, the Brown case is not on point
because it holds that a trial court may on its own motion disregard the jury's
answer to an immaterial question; it does not hold that a party who complains
that an issue is immaterial and/or the evidence is insufficient may object or
raise the issue for the first time after verdict or during appeal to preserve
error on appeal.  Id.  Appellants= objection was not to the materiality of
the question but made only the axiomatic statement that appellee
was getting two fraud issues instead of one, and that the fraud evidence did
not apply to question number 1, a contract question.  Appellants tried to argue there were two
fraud theories, and that there was evidence only as to one theory of
fraud.  In any event, jury question
number 2 is material for the purpose it was submitted, i.e., whether
there was any fraud in obtaining the release, and we must conclude the evidence
of fraud supported both questions numbers 2 and 3. 

Appellants have
not met their burden to show there was legally or factually insufficient
evidence to support jury question number 2 or any other jury question submitted
in this case because they failed to bring forward a complete record on
appeal.  See Tex. R. App. P. 34.6(b)(1).  The appellants requested and were granted
numerous extensions to obtain the reporter's record but never requested the
documentary exhibits.  Although
appellants could have brought forward a partial reporter=s record, they
failed to do so.  See Tex. R. App. P. 34.6(c).  Therefore, we cannot hold that the judgment
is erroneous because of claimed factual or legal insufficiency of the evidence
without a complete record, notwithstanding the above quoted objection
appellants made to the trial court.  Englander Co., 428 S.W.2d at 807.  Further, we cannot determine whether there
are any charge errors as contended by appellants because the entire record is
not available for our review. Island Recreational Dev. Corp., 710 S.W.2d
at 555.  Therefore, appellants= issues numbers
1, 2, 3 and 4 are overruled.

Appellants= issues 5, 6,
and 7 are grouped in their brief with the argument that jury question number 3
was improperly submitted by the trial court because it was confusing and would
mislead the jury and was not supported by sufficient evidence. 








Assuming, arguendo, that appellants filed the entire record
and we could rule on charge errors and sufficiency of the evidence in this
case, the appellants did not make an objection at trial that question number 3
was confusing and would mislead the jury as stated in their brief.  The only objection made was a joint objection,
quoted above, that the appellants used to object to question numbers 2 and 3
simultaneously, and does not express or imply that appellants were complaining
that question number 3 was confusing and would mislead the jury as now argued
by appellants.  In this objection,
appellants complain that there is insufficient evidence to submit the fraud
question twice without explaining to the trial court why, or in what way, the
evidence was insufficient to support the two issues regarding fraud.  Now the appellants contend in their brief
that question 3 should have been limited to only fraud in obtaining the
release, but they did not request the trial court to so limit question number 3
in order to preserve the error, if any, for the record.  The appellants= objection was not specific enough to
enable the trial court to understand the precise grounds and make an informed
ruling.  Castleberry v. Branscum, 721 S.W.2d 270, 276 (Tex. 1986).
Appellants cite no authority to support their argument that question number 3 should
have been limited to fraud in the inducement of the release.  Even if the objection had been properly made,
question number 3 was not too broad or confusing, considering the evidence
presented, to allow the jury to make a fraud finding regarding the obtaining of
the release.  To limit the question as
appellants now argue the trial court should have, would have been another phase
or shade of the same question, which is not grounds for reversal of the
judgment unless its submission is tendered in substantially correct wording in
writing by the party complaining of the judgment.  Tex.
R. Civ. P. 278.  Appellants failed
to make a submission and request to the trial court to include in the charge a
question with substantially correct wording. 
Further, even if there was error in the submission of question number 3,
it was not prejudicial because the jury found appellants liable under question
number 2.  U. S. Life Title Co. v. Andreen, 644 S.W.2d 185, 194 (Tex. App.BSan Antonio
1982, writ ref'd n.r.e.)(Aerror in the
submission of an issue is harmless when the findings of the jury in answer to
the other issues are sufficient to support the judgment, unless the erroneously
submitted issue confuses or misleads the jury@). 
The trial court was required to submit the cause upon broad- form
questions with such instructions and definitions as shall be proper to enable
the jury to render a verdict.  Tex. R. Civ. P. 277.  The trial court did not abuse its discretion
by the submission of jury question number 3. 

Appellants
again claim there was insufficient evidence to support jury question number
three but as we have ruled on appellants' issues numbers 1 through 4 we cannot
rule on the sufficiency of the evidence or determine whether there are any
charge errors because the entire record is not available for our review. 

Appellants= issues numbers
5, 6, and 7 are overruled. 

Appellants= issue number 8
complains that there was insufficient evidence to support the jury=s affirmative
findings to questions numbers 2 and 3 because no finding of agency was
made.  Because appellants did not submit
or request any element of an agency ground of defense they waived agency as a
ground of defense. Tex. R. Civ. P. 279.  Appellants= issue number 8 is overruled. 








Appellants= issue number 9
argues that the judgment against Zella Andrews is not
supported by evidence she was aware of, and that she approved the contract with
appellee.  Zella signed the contract and cannot claim it was signed
without her authority unless she filed a sworn (non est
factum) plea denying that the contract was
executed by her or by her authority pursuant to rule 93(7) of the Texas Rules
of Civil Procedure.  Tex. R. Civ. P. 93(7).  Zella filed no such
plea.  In the absence of such a sworn
plea, the instrument shall be received in evidence as fully proved.  Id. 
In the absence of a non est factum plea the contract is sufficient proof of Zella's authority to sign for herself as a party to the
contract and appellee was not required to prove
Clarence's authority to sign for Zella.  Schlager
v. Harris, 805 S.W.2d 893, 894 (Tex. App.BCorpus Christi 1991, no writ); Godfrey
v. Central State Bank, 5 S.W.2d 529, 537 (Tex. Civ.
App.BEastland 1928),
rev'd on other grounds, 29 S.W.2d 1015
(Tex.1930).  Further, as part of
appellants= issue number
9, they argue that the testimony that Zella was aware
of, signed and approved the contract was later retracted by Clarence and that
Clarence signed for Zella.  However, as we concluded above appellee was not required to prove Clarence=s authority to
sign for Zella, and the jury was not required to
believe Clarence=s
retraction.  Further, appellants do not
cite any authority to support issue number 9. 
Thus, appellants= issue number 9
is overruled. 

Regarding jury
question number 4, appellants complain in issues 10 and 11, that it was
improperly worded, constituted an impermissible comment on the evidence, and
the evidence was insufficient to support the damages awarded thereunder. 








Issues numbers
10 and 11 involve charge errors and, as noted above, we cannot determine
whether there are any charge errors because the entire record is not available
for our review.  Even if we had a
complete record, appellants= argument that appellee cannot recover his commission as damages in a
fraud action because his commission is economic damages is incorrect, and
appellants did not make an objection to the trial court to preserve error on
this point.  Formosa Plastics Corp. v.
Presidio Eng'rs, 960 S.W.2d 41, 47 (Tex.
1997).  However, economic damages arising
from a contract are proper damages in a fraud case.  Id. 
Further, even assuming appellants made an objection that question number
4 was a comment on the evidence, because the comment properly describes the
damages as the commission for the sale of the real estate it was permissible as
part of the instruction or definition.  Tex. R. Civ. P. 277.  Appellants conclude without explanation that
the comment probably caused and in fact did cause, the rendition of an improper
verdict.  We disagree.  Due to the fact that the commission was the
only damage incurred, an instruction stating that it was the only item of
damage, could not confuse or mislead the jury, and therefore would not cause an
improper verdict.  Thus, appellants= issues numbers
10 and 11 are overruled. 

Appellants= issues numbers
12, 13 and 14 argue that appellee was not entitled to
an award of attorney=s fees, or
punitive damages and the judgment violates the Aone satisfaction rule@; however,
these complaints were waived because no objection was made and ruled on by the
trial court as required to preserve error. 
See Tex. R. App. P.
33.1(a).  Appellants= motion for
judgment notwithstanding the verdict does not include any of these complaints
as grounds, and the trial court did not rule on the motion even if the
complaints were included.  Appellants= issues numbers
12, 13 and 14 are overruled. 








Appellants= issue number
15 contends the trial court erred in failing to include an instruction that
time was of the essence.  This claimed
charge error was waived by appellants by failing to submit to the trial court a
substantially correct instruction or identify to the trial court any
contractual obligations appellee or his employee
allegedly failed to perform, and by failing to request a complete record as
discussed above.  Island Recreational
Dev. Corp., 710 S.W.2d at 555.  If
there was error, it was harmless, because there was no issue relevant to the
proposed instruction.  The contract did
not limit the right of appellee to collect a
commission if he failed to comply with the contract provision that time was of
the essence.  This contract did not set
forth anything appellee was obligated to
perform.  Ordinarily, once the real
estate contract is signed by all the parties, the broker has substantially
performed his part of the contract.  At
that point, the balance of the broker=s participation
is to give information and papers to the title company, mortgage company,
appraiser, inspector, surveyor, or other professionals, and show up at the
closing.  Although the broker may make
recommendations, the buyer and/or the seller choose these professionals.  Appellee did
nothing to delay the closing and was entitled to his commission pursuant to the
terms of the contract notwithstanding the change of the closing date and the
fact that another real estate broker took his place without his consent.  Morgan v. Letellier,
677 S.W.2d 165, 167 (Tex. App.BHouston [1st
Dist.] 1984, writ ref'd n.r.e.).  Appellee was not
required to exercise diligence in discovering the falsity of the
representations, and had the right to rely and act upon such statements.  Koral Indus. v.
Security-Connecticut Life Ins. Co., 802 S.W.2d 650, 651 (Tex. 1990). 

Appellants= issue number
16 complains that the trial court erred in overruling appellants' motion for
judgment notwithstanding the verdict. 
Appellants misstate the record by stating the trial court denied or
overruled their motion for judgment 
notwithstanding the verdict.  The
trial court did not rule on such motion and no error as alleged therein was
preserved.  Appellants= issue number
16 is overruled. 

The trial court
judgment is AFFIRMED. 

 

                                                


MAURICE AMIDEI

Assigned
Justice

 

Publish. 
Tex. R. App. P. 47.3

 

Opinion delivered and filed this

the 18th day of April, 2002.

 











[1] Former
Justice Maurice Amidei assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).