**Clarence and Zella ANDREWS,
Appellants,**

v.

**Charles E. SULLIVAN d/b/a Charles
E. Sullivan Realty, Appellee.**

No. 13–99–512–CV.

Court of Appeals of Texas,
Corpus Christi.

April 18, 2002.

---

Eileen Marie Gaffney, Houston, for Appellant.

John C. Juravich, Thomas V. Erdos Jr., Erdos & Juravich, Sugar Land, for Appellee.

Before Justices HINOJOSA, CASTILLO and MAURICE AMIDEI.[1]

**OPINION**

Opinion by Assigned Justice MAURICE AMIDEI.

This is an appeal from an adverse judgment following a jury verdict in a suit on an earnest money contract and for fraud to recover a real estate broker's commission.

Appellee, Sullivan Realty, orally contracted with Clarence and Zella Andrews, appellants, to find a buyer to purchase the Andrews' motor inn for a purchase price of $390,000; Sullivan was to receive a four percent real estate commission. Thereafter, Sullivan obtained a written earnest money contract and $5,000 earnest money from the Patel brothers expressly providing for a four percent or $15,600 real estate commission to Sullivan. The closing of the contract was delayed several times, but prior to closing the Andrews told Sullivan the sale was off, and at the Patels' request Sullivan signed a release of the $5,000 earnest money to the Patels. The month after the release the Andrews sold the motor inn to the Patels with the Andrews' daughter as the agent and without paying Sullivan any commission. At trial, the jury found in favor of appellee in each of six questions submitted to the jury as follows:

(1) Appellants' failure to comply with the agreement to pay a commission to appellee was not excused;

(2) Appellants obtained the release by fraud;

(3) There was clear and convincing evidence that appellants committed fraud against appellee;

(4) $15,600 would fairly and reasonably compensate appellee for its damages, which included only one element: The commission for the sale of the property in question;

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

(5) $20,000 is the reasonable fee for the necessary services of appellee's attorney in the case;

(6) $5,000 as exemplary damages awarded to appellee.

## Standard of Review

■ The appellants' issues based on legal and factual insufficiency of the evidence and charge errors cannot be reviewed by the ordinary standard of review for insufficiency of evidence and charge errors because appellant failed to bring forward a record complete with all the exhibits. *See* TEX.R.APP. P. 34.6(b)(1). Appellants requested a record and, although granted numerous extensions, never requested the exhibits as required. Appellants did not request a partial reporter's record. *See* TEX.R.APP. P. 34.6(c). Therefore, we cannot hold the judgment is erroneous because of claimed factual or legal insufficiency of the evidence without a complete record. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968)(per curiam). Nor can we determine whether there are any alleged charge errors because the entire record is not available for our review. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986).

To preserve appellate complaints the record must show that (1) the complaint was made to the trial court by a timely request, objection or motion that stated the grounds for the ruling the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; (2) complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; (3) the trial court ruled on the request, objection, or motion, either expressly or implicitly; or (4) that the trial court refused to rule on the request, objection or motion, and the complaining party objected to the refusal. *See* TEX.R.APP. P. 33.1(a).

## Issues Presented

Appellants' brief contains sixteen issues. Appellants group issues 1, 2, 3, and 4 to argue that jury question number 2 was improperly submitted by the trial court because it was immaterial and was not supported by sufficient proof. The appellants' only objection to jury questions number 2 and 3 was as follows:

> My only objection to Questions number 2 and 3 is that I believe that it gives the Plaintiff two bites at the fraud question and there is no evidence of either fraud as far as Question Number 1 nor Question Number 3, so he attempts to have a fraud question with regard to Question Number 2 and Question Number 3.

■ The appellants' motion for judgment notwithstanding the verdict containing only one ground that there was "no evidence" to support the jury's finding of common law fraud was never ruled on by the trial court. The appellants' brief raises a new argument over the applicability of section 27.01 of the Texas Business and Commerce Code, and concludes jury question number 2 was immaterial. In an attempt to avoid waiver, appellants cite *Brown v. Armstrong,* 713 S.W.2d 725, 728 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.), for the proposition, "an objection to the submission was not even necessary because issues concerning the materiality of a question and sufficiency of the evidence to support a question may be raised for the first time after verdict." However, the *Brown* case is not on point because it holds that a trial court may on its own motion disregard the jury's answer to an immaterial question; it does not hold that a party who complains that an issue is immaterial and/or the evidence is insuffi-

cient may object or raise the issue for the first time after verdict or during appeal to preserve error on appeal. *Id.* Appellants' objection was not to the materiality of the question but made only the axiomatic statement that appellee was getting two fraud issues instead of one, and that the fraud evidence did not apply to question number 1, a contract question. Appellants tried to argue there were two fraud theories, and that there was evidence only as to one theory of fraud. In any event, jury question number 2 is material for the purpose it was submitted, *i.e.,* whether there was any fraud in obtaining the release, and we must conclude the evidence of fraud supported both questions numbers 2 and 3.

■ Appellants have not met their burden to show there was legally or factually insufficient evidence to support jury question number 2 or any other jury question submitted in this case because they failed to bring forward a complete record on appeal. *See* Tex.R.App. P. 34.6(b)(1). The appellants requested and were granted numerous extensions to obtain the reporter's record but never requested the documentary exhibits. Although appellants could have brought forward a partial reporter's record, they failed to do so. *See* Tex. R.App. P. 34.6(c). Therefore, we cannot hold that the judgment is erroneous because of claimed factual or legal insufficiency of the evidence without a complete record, notwithstanding the above quoted objection appellants made to the trial court. *Englander Co.,* 428 S.W.2d at 807. Further, we cannot determine whether there are any charge errors as contended by appellants because the entire record is not available for our review. *Island Recreational Dev. Corp.,* 710 S.W.2d at 555. Therefore, appellants' issues numbers 1, 2, 3 and 4 are overruled.

Appellants' issues 5, 6, and 7 are grouped in their brief with the argument that jury question number 3 was improperly submitted by the trial court because it was confusing and would mislead the jury and was not supported by sufficient evidence.

■ Assuming, *arguendo,* that appellants filed the entire record and we could rule on charge errors and sufficiency of the evidence in this case, the appellants did not make an objection at trial that question number 3 was confusing and would mislead the jury as stated in their brief. The only objection made was a joint objection, quoted above, that the appellants used to object to question numbers 2 and 3 simultaneously, and does not express or imply that appellants were complaining that question number 3 was confusing and would mislead the jury as now argued by appellants. In this objection, appellants complain that there is insufficient evidence to submit the fraud question twice without explaining to the trial court why, or in what way, the evidence was insufficient to support the two issues regarding fraud. Now the appellants contend in their brief that question 3 should have been limited to only fraud in obtaining the release, but they did not request the trial court to so limit question number 3 in order to preserve the error, if any, for the record. The appellants' objection was not specific enough to enable the trial court to understand the precise grounds and make an informed ruling. *Castleberry v. Branscum,* 721 S.W.2d 270, 276 (Tex.1986). Appellants cite no authority to support their argument that question number 3 should have been limited to fraud in the inducement of the release. Even if the objection had been properly made, question number 3 was not too broad or confusing, considering the evidence presented, to allow the jury to make a fraud finding regarding the obtaining of the release. To limit the question as appellants now argue the trial

court should have, would have been another phase or shade of the same question, which is not grounds for reversal of the judgment unless its submission is tendered in substantially correct wording in writing by the party complaining of the judgment. TEX.R. CIV. P. 278. Appellants failed to make a submission and request to the trial court to include in the charge a question with substantially correct wording. Further, even if there was error in the submission of question number 3, it was not prejudicial because the jury found appellants liable under question number 2. *U.S. Life Title Co. v. Andreen,* 644 S.W.2d 185, 194 (Tex.App.-San Antonio 1982, writ ref'd n.r.e.)("error in the submission of an issue is harmless when the findings of the jury in answer to the other issues are sufficient to support the judgment, unless the erroneously submitted issue confuses or misleads the jury"). The trial court was required to submit the cause upon broad—form questions with such instructions and definitions as shall be proper to enable the jury to render a verdict. TEX.R. CIV. P. 277. The trial court did not abuse its discretion by the submission of jury question number 3.

Appellants again claim there was insufficient evidence to support jury question number three but as we have ruled on appellants' issues numbers 1 through 4 we cannot rule on the sufficiency of the evidence or determine whether there are any charge errors because the entire record is not available for our review.

Appellants' issues numbers 5, 6, and 7 are overruled.

Appellants' issue number 8 complains that there was insufficient evidence to support the jury's affirmative findings to questions numbers 2 and 3 because no finding of agency was made. Because appellants did not submit or request any element of an agency ground of defense they waived agency as a ground of defense. TEX.R. CIV. P. 279. Appellants' issue number 8 is overruled.

■ Appellants' issue number 9 argues that the judgment against Zella Andrews is not supported by evidence she was aware of, and that she approved the contract with appellee. Zella signed the contract and cannot claim it was signed without her authority unless she filed a sworn (*non est factum*) plea denying that the contract was executed by her or by her authority pursuant to rule 93(7) of the Texas Rules of Civil Procedure. TEX.R. CIV. P. 93(7). Zella filed no such plea. In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved. *Id.* In the absence of a *non est factum* plea the contract is sufficient proof of Zella's authority to sign for herself as a party to the contract and appellee was not required to prove Clarence's authority to sign for Zella. *Schlager v. Harris,* 805 S.W.2d 893, 894 (Tex.App.-Corpus Christi 1991, no writ); *Godfrey v. Central State Bank,* 5 S.W.2d 529, 537 (Tex.Civ. App.-Eastland 1928), *rev'd on other grounds,* 29 S.W.2d 1015 (Tex.1930). Further, as part of appellants' issue number 9, they argue that the testimony that Zella was aware of, signed and approved the contract was later retracted by Clarence and that Clarence signed for Zella. However, as we concluded above appellee was not required to prove Clarence's authority to sign for Zella, and the jury was not required to believe Clarence's retraction. Further, appellants do not cite any authority to support issue number 9. Thus, appellants' issue number 9 is overruled.

Regarding jury question number 4, appellants complain in issues 10 and 11, that it was improperly worded, constituted an impermissible comment on the evidence, and the evidence was insufficient to support the damages awarded thereunder.

■ Issues numbers 10 and 11 involve charge errors and, as noted above, we cannot determine whether there are any charge errors because the entire record is not available for our review. Even if we had a complete record, appellants' argument that appellee cannot recover his commission as damages in a fraud action because his commission is economic damages is incorrect, and appellants did not make an objection to the trial court to preserve error on this point. *Formosa Plastics Corp. v. Presidio Eng'rs,* 960 S.W.2d 41, 47 (Tex.1997). However, economic damages arising from a contract are proper damages in a fraud case. *Id.* Further, even assuming appellants made an objection that question number 4 was a comment on the evidence, because the comment properly describes the damages as the commission for the sale of the real estate it was permissible as part of the instruction or definition. Tex.R. Civ. P. 277. Appellants conclude without explanation that the comment probably caused and in fact did cause, the rendition of an improper verdict. We disagree. Due to the fact that the commission was the only damage incurred, an instruction stating that it was the only item of damage, could not confuse or mislead the jury, and therefore would not cause an improper verdict. Thus, appellants' issues numbers 10 and 11 are overruled.

■ Appellants' issues numbers 12, 13 and 14 argue that appellee was not entitled to an award of attorney's fees, or punitive damages and the judgment violates the "one satisfaction rule"; however, these complaints were waived because no objection was made and ruled on by the trial court as required to preserve error. *See* Tex.R.App. P. 33.1(a). Appellants' motion for judgment notwithstanding the verdict does not include any of these complaints as grounds, and the trial court did not rule on the motion even if the complaints were included. Appellants' issues numbers 12, 13 and 14 are overruled.

■ Appellants' issue number 15 contends the trial court erred in failing to include an instruction that time was of the essence. This claimed charge error was waived by appellants by failing to submit to the trial court a substantially correct instruction or identify to the trial court any contractual obligations appellee or his employee allegedly failed to perform, and by failing to request a complete record as discussed above. *Island Recreational Dev. Corp.,* 710 S.W.2d at 555. If there was error, it was harmless, because there was no issue relevant to the proposed instruction. The contract did not limit the right of appellee to collect a commission if he failed to comply with the contract provision that time was of the essence. This contract did not set forth anything appellee was obligated to perform. Ordinarily, once the real estate contract is signed by all the parties, the broker has substantially performed his part of the contract. At that point, the balance of the broker's participation is to give information and papers to the title company, mortgage company, appraiser, inspector, surveyor, or other professionals, and show up at the closing. Although the broker may make recommendations, the buyer and/or the seller choose these professionals. Appellee did nothing to delay the closing and was entitled to his commission pursuant to the terms of the contract notwithstanding the change of the closing date and the fact that another real estate broker took his place without his consent. *Morgan v. Letellier,* 677 S.W.2d 165, 167 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.). Appellee was not required to exercise diligence in discovering the falsity of the representations, and had the right to rely and act upon such statements. *Koral Indus. v. Security–*

*Connecticut Life Ins. Co.,* 802 S.W.2d 650, 651 (Tex.1990).

Appellants' issue number 16 complains that the trial court erred in overruling appellants' motion for judgment notwithstanding the verdict. Appellants misstate the record by stating the trial court denied or overruled their motion for judgment notwithstanding the verdict. The trial court did not rule on such motion and no error as alleged therein was preserved. Appellants' issue number 16 is overruled.

The trial court judgment is AFFIRMED.