NO. 07-03-0345-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 14, 2004



______________________________




JOHN PEARL D/B/A LIGHTHOUSE BUSINESS PARK, APPELLANT



V.



PAUL PEACE, INDIVIDUALLY AND D/B/A 


THE BODY SHOP AND COLLISIONS CENTER AND 


PAUL PEACE'S BODY SHOP, INC. D/B/A THE BODY SHOP, APPELLEES




_________________________________



FROM THE 9TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-12-07809-CV; HONORABLE FRED EDWARDS, JUDGE


_______________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a non-jury trial, by seven issues appellant John Pearl seeks a modification
of the award in his favor or a new trial and remand as to damages only. He contends the
trial court erred in rendering judgment that he recover against appellee Paul Peace,
Individually and d/b/a The Body Shop and Collision Center, and Paul Peace's Body Shop,
Inc. d/b/a The Body Shop $46,914.84 plus $15,000 in attorney's fees through the trial
court, $5,000 if appealed to the Court of Appeals, and a contingent award of $5,000 if
application for writ of error is filed in the Supreme Court. By his issues, Pearl questions
whether 1) Peace was entitled to a credit of $120,000 against four years of future rents,
based on a single year of anticipated rent at $30,000, when no one presented evidence
of future rental value; 2) Peace was entitled to a credit of $21,700 as to suite 304; 3) he
was entitled to recover the full amount of attorney's fees; 4) Peace was entitled to a credit
of $7,860 for his security deposit; 5) he was entitled to recover $62,113.60 in costs for
preparing suites 304 and 305 for re-leasing; 6) he was entitled to recover under the
October 17 amendment $5,550 cost of installing the firewall; and 7) he was entitled to
recover unpaid December rent on suites 301, 302, and 303 in the amount of $4,650. We
modify the judgment and as modified, affirm.

 By commercial lease dated November 3, 2000, Pearl leased approximately 13,700
square feet of space in Building C of #105 of 12621 Highway105 to Peace for a term of five
years commencing December 1, 2000, at a monthly rental of $7,860. Thereafter, by an
informal "letter agreement" signed and dated October 17, 2001, the original lease was
amended to, among other things, enable Peace to "reduce his lease space and related
liability for lease payments." Following partial surrender of the premises and subsequent
leasing, Pearl filed suit against Peace for the balance of rental payments under the
November 3 lease, breach of contract, and attorney's fees.

 The judgment rendered by the trial court upon completion of the non-jury trial
awarded Pearl 


 $24,800.16, representing accrued rentals and future rentals due
under the lease agreement, less defendant's credits;
 $7,198 for re-leasing commissions;
 $9,287.68 for costs to repair the leased premises;
 Pre-judgment interest in the amount of $5,629; and
 Attorney's fees and costs in the amount of $15,000 plus $5,000
contingent if an appeal to the Court of Appeals and $5,000 if
application for writ of error is filed, as more specifically set out in the
judgment.



By his motion to modify judgment, alternatively a motion for new trial, Pearl contended the
(1) trial court erred in failing to award $4,275 in lost rent for suites 301, 302, and 303; (2)
trial court erroneously gave Peace a credit of $6,939.64 rent; and (3) judgment erroneously
awarded Peace a credit of $120,000 for the "reasonable cash market value of the lease
from December 2001 to November 2005." However, by his motion Pearl did not assert any
error by the trial court as presented by issues four, five, six, and seven as set out above.

 As a general rule, a party cannot raise an issue, constitutional or otherwise, for the
first time on appeal which was not presented to the trial court. Dreyer v. Green, 871
S.W.2d 697, 698 (Tex. 1993). In order to preserve a complaint for appellate review, a
party must present to the trial court a timely request, objection, or motion, state the specific
grounds thereof, and obtain a ruling. See Tex. R. App. P. 33.1(a); see also Pratt v. Trinity
Projects, Inc. 26 S.W.3d 767, 767 (Tex.App.--Beaumont 2000, pet. denied); Hawthorne v.
Guenther, 917 S.W.2d 924, 937 (Tex.App.--Beaumont 1996, writ denied); Andrews v.
Sullivan, 76 S.W.3d 702, 708 (Tex.App.--Corpus Christi 2002, no pet.) (holding that point
of error regarding attorney's fees was not preserved for review). Issues four, five, six, and
seven do not present sufficiency of evidence complaints as excepted in Rule 33.3(d); thus, 
they were not preserved for review and are overruled. Allright, Inc. v. Pearson, 735 S.W.2d
240 (Tex. 1987). 

Standard of Review


 Where, as here, findings of fact are neither filed nor requested, the judgment of the
trial court implies all necessary findings to support it. IKB Industdries v. Pro-Line Corp.,
938 S.W.2d 440, 445 (Tex. 1997). However, when a reporter's record is a part of the
record, the legal and factual sufficiency of the implied findings may be challenged on
appeal the same as jury findings or a trial court's findings of fact. Roberson v. Robinson,
768 S.W.2d 280, 281 (Tex. 1989). The applicable standard of review is the same as that
applied in the review of jury findings or a trial court's findings of fact. Id. When implied
findings by the trial court are supported by the evidence, the appellate court must uphold
the judgment on any theory of law applicable to the case. Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990). 

 By his first issue, Pearl contends that Peace was not entitled to a credit of $120,000
against four years of future rents based on a single year of anticipated rent at $30,000
when no one presented evidence of future rental value. We disagree.

 By his pleadings, Pearl sought to recover on multiple theories. In addition to
seeking a recovery of $275,270.64 on the November 3 lease, he also sought to recover in
quantum meruit for the reasonable value of the rent, goods, and/or services and breach
of contract grounds. However, Pearl did not include any reference in his pleadings to the
letter agreement dated October 17, 2001, by which he agreed to locate suitable tenants
to lease the space that Peace surrendered. 

 Even in the absence of his agreement to locate suitable tenants to lease the
surrendered space, nevertheless, a duty to mitigate damages is well established by the
decision in Austin Hill v. Palisades Plaza, Inc., 948 S.W.2d 293 (Tex. 1997). We construe
the issue to present the discrete question whether evidence of the amount of rental for one
year provided in new leases covering the surrendered space may be considered evidence
of future rental value. Pearl cites no authority supporting his position but presented in an 
analogous context, in A.G.E., Inc. v. Buford, 105 S.W.3d 667, 677 (Tex.App.--Austin 2003,
pet. denied), the court held that an actual agreement between the landlord and a third party
regarding rentals to be paid was "certainly relevant evidence of the fair rental value of the
property." Also, a no evidence analysis supports the decision in Buford. Id. According to 
Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993), we


 must consider only the evidence and inferences tending to support
the finding, viewed most favorably in support of the finding, and
disregard all contrary evidence and inferences;
 if more than a scintilla of such evidence exists, the claim is sufficient
as a matter of law;
 evidence that we may have discounted, had we been making the fact
determination, cannot now be judicially erased from the record;
 we are not empowered to convert some evidence into no evidence;
and
 circumstantial evidence may be sufficient to establish the material
fact.



By the letter agreement, Pearl agreed to seek replacement tenants for the surrendered
space. (1) Even though evidence of the new lease rentals may not constitute direct evidence
of future rental value, because the property is no doubt comparable in location, design,
construction, and zoning or restrictions, we hold that evidence of the new rentals may be
considered circumstantial evidence of future rental income. Also, because the evidence
of future rentals was admitted into evidence without any limiting instruction, it could have
been considered by the factfinder for all purposes. Tex. R. Evid. 105(a); In Re K.S., 76
S.W.3d 36, 40 (Tex.App.--Amarillo 2002, no pet.). Issue one is overruled.

 By his second issue, Pearl contends that Peace was not entitled to a credit of
$21,700 against future rents for nine months on suite 304 and five months on suite 305
during those months following Peace's breach and before becoming occupied by new
tenants. We agree.

 Conceding the trial court correctly found that his damages in unpaid future rent for
the four-year period of December 2001 through November 2005 to be $159,600, Pearl
contends the $120,000 credit allowed by the trial court was excessive in the amount of
$21,700 because the new lease on suite 305 did not begin until May 1, 2002, leaving a five
month vacancy and suite 304 remained vacant for nine months. Based on the rental at 62
cents per square foot, Pearl calculates that the $120,000 credit should be reduced by the
amount of $21,700. By his response, Peace does not challenge the vacancy and rental
calculations but instead, citing Austin Hill, 948 S.W.2d at 293, argues that the duty to
mitigate damages commenced the month of Peace's partial surrender.

 We do not agree with Peace's construction of the holding in Austin Hill in the context
of this question. While it is clear that Pearl had a duty to mitigate his damages, as
announced, a landlord's failure to use "reasonable efforts to mitigate damages bars" any
recovery, but "only to the extent that damages reasonably could have been avoided."
Because Peace does not contend that Pearl failed to exercise reasonable efforts to
immediately re-lease the space when surrendered by Peace, we sustain Pearl's second
issue. (2)

 By his third issue, Pearl contends he was entitled to recover the full amount of
attorney's fees as established by uncontroverted evidence. We disagree. The trial court
awarded $15,000 attorney's fees through the trial court, plus contingent awards of $5,000
to the Court of Appeals and Texas Supreme Court. Because the testimony at trial
indicated a reasonable trial fee was $24,750 and $15,000 for appeal to the Court of
Appeals, and $10,000 in the Supreme Court, Pearl contends the trial court abused its
discretion in making its award of only $15,000 for trial and $5,000 for appeal.

 In determining the reasonable amount of attorney's fees, the trial judge, as the trier
of fact, may consider the nature and complexity of the case, the amount in controversy, the
amount of time and effort required, and the expertise of counsel in arriving at a reasonable 
amount of attorney's fees. Stamp-Ad, Inc. v. Barton Raben, Inc., 915 S.W.2d 932, 937
(Tex.App.-Houston [1st Dist.], 1996, no writ); see also Tex. Civ. Prac. & Rem. Code §
38.004 (Vernon 2003). In Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1 (Tex. 1991),
the Court stated that the short hand version of the rule is that the trial court may award
those fees that are reasonable and necessary for the prosecution of the suit. In Ho v.
Wolfe, 688 S.W.2d 693, 697 (Tex.App.--Amarillo 1985, no writ), we held that it is clear that
the Legislature intended for the judicial knowledge of the usual and customary fees to
constitute some evidence on which an award of attorney's fees may be based. Because
an award of attorney's fees is within the sound discretion of the trial court it will not be
disturbed on appeal absent a clear showing of abuse of discretion. Concluding that a clear
showing of abuse of discretion has not been presented, issue three is overruled.

 Our sustention of Pearl's second issue requires that we modify the trial court's
judgment to reduce the credit of $120,000 per the trial court's judgment in the amount of
$21,700 so that Pearl's net recovery will be $46,500.16 for accrued rental and future
rentals, plus $7,198 for re-leasing commissions, $9,287.68 for costs of repair, plus pre-judgment interest and attorney's fees. Tex. R. App. P. 43.2(b). As modified, the judgment
of the trial court is affirmed. 


 Don H. Reavis

 Justice

 


1. We note the letter agreement did not prohibit the introduction of evidence of
replacement lease rentals nor provide that the replacement leases would not constitute an
admission against Pearl's interest. 
2. We also note that by the letter agreement of October 17, Peace expressly agreed
to continue to pay the full rent until a new tenant commenced paying rent. Morever,
because Peace did not raise mitigation of damages as an affirmative defense, any implied
finding is not supported by the pleadings. See Rauscher Pierce Refsnes v. GSW, 923
S.W.2d 112, 117 (Tex.App.-Houston [14th Dist.] 1996, no writ).