NO. 07-03-0345-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 14, 2004

_____

JOHN PEARL D/B/A LIGHTHOUSE BUSINESS PARK, APPELLANT

V.

PAUL PEACE, INDIVIDUALLY AND D/B/A
THE BODY SHOP AND COLLISIONS CENTER AND
PAUL PEACE'S BODY SHOP, INC. D/B/A THE BODY SHOP, APPELLEES

_____

FROM THE 9TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-12-07809-CV; HONORABLE FRED EDWARDS, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a non-jury trial, by seven issues appellant John Pearl seeks a modification

of the award in his favor or a new trial and remand as to damages only. He contends the

trial court erred in rendering judgment that he recover against appellee Paul Peace,

Individually and d/b/a The Body Shop and Collision Center, and Paul Peace's Body Shop, Inc. d/b/a The Body Shop $46,914.84 plus $15,000 in attorney's fees through the trial court, $5,000 if appealed to the Court of Appeals, and a contingent award of $5,000 if application for writ of error is filed in the Supreme Court. By his issues, Pearl questions whether 1) Peace was entitled to a credit of $120,000 against four years of future rents, based on a single year of anticipated rent at $30,000, when no one presented evidence of future rental value; 2) Peace was entitled to a credit of $21,700 as to suite 304; 3) he was entitled to recover the full amount of attorney's fees; 4) Peace was entitled to a credit of $7,860 for his security deposit; 5) he was entitled to recover $62,113.60 in costs for preparing suites 304 and 305 for re-leasing; 6) he was entitled to recover under the October 17 amendment $5,550 cost of installing the firewall; and 7) he was entitled to recover unpaid December rent on suites 301, 302, and 303 in the amount of $4,650. We modify the judgment and as modified, affirm.

By commercial lease dated November 3, 2000, Pearl leased approximately 13,700 square feet of space in Building C of #105 of 12621 Highway105 to Peace for a term of five years commencing December 1, 2000, at a monthly rental of $7,860. Thereafter, by an informal "letter agreement" signed and dated October 17, 2001, the original lease was amended to, among other things, enable Peace to "reduce his lease space and related liability for lease payments." Following partial surrender of the premises and subsequent leasing, Pearl filed suit against Peace for the balance of rental payments under the November 3 lease, breach of contract, and attorney's fees.

The judgment rendered by the trial court upon completion of the non-jury trial awarded Pearl

- $24,800.16, representing accrued rentals and future rentals due under the lease agreement, less defendant's credits;
- $7,198 for re-leasing commissions;
- $9,287.68 for costs to repair the leased premises;
- Pre-judgment interest in the amount of $5,629; and
- Attorney's fees and costs in the amount of $15,000 plus $5,000 contingent if an appeal to the Court of Appeals and $5,000 if application for writ of error is filed, as more specifically set out in the judgment.

By his motion to modify judgment, alternatively a motion for new trial, Pearl contended the (1) trial court erred in failing to award $4,275 in lost rent for suites 301, 302, and 303; (2) trial court erroneously gave Peace a credit of $6,939.64 rent; and (3) judgment erroneously awarded Peace a credit of $120,000 for the "reasonable cash market value of the lease from December 2001 to November 2005." However, by his motion Pearl did not assert any error by the trial court as presented by issues four, five, six, and seven as set out above.

As a general rule, a party cannot raise an issue, constitutional or otherwise, for the first time on appeal which was not presented to the trial court. Dreyer v. Green, 871 S.W.2d 697, 698 (Tex. 1993). In order to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, state the specific grounds thereof, and obtain a ruling. *See* Tex. R. App. P. 33.1(a); *see also* Pratt v. Trinity Projects, Inc. 26 S.W.3d 767, 767 (Tex.App.--Beaumont 2000, pet. denied); Hawthorne v.

3

Guenther, 917 S.W.2d 924, 937 (Tex.App.--Beaumont 1996, writ denied); Andrews v. Sullivan, 76 S.W.3d 702, 708 (Tex.App.--Corpus Christi 2002, no pet.) (holding that point of error regarding attorney's fees was not preserved for review). Issues four, five, six, and seven do not present sufficiency of evidence complaints as excepted in Rule 33.3(d); thus, they were not preserved for review and are overruled. Allright, Inc. v. Pearson, 735 S.W.2d 240 (Tex. 1987).

Standard of Review

Where, as here, findings of fact are neither filed nor requested, the judgment of the trial court implies all necessary findings to support it. IKB Industdries v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997). However, when a reporter's record is a part of the record, the legal and factual sufficiency of the implied findings may be challenged on appeal the same as jury findings or a trial court's findings of fact. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). The applicable standard of review is the same as that applied in the review of jury findings or a trial court's findings of fact. *Id.* When implied findings by the trial court are supported by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).

By his first issue, Pearl contends that Peace was not entitled to a credit of $120,000 against four years of future rents based on a single year of anticipated rent at $30,000 when no one presented evidence of future rental value. We disagree.

4

By his pleadings, Pearl sought to recover on multiple theories. In addition to seeking a recovery of $275,270.64 on the November 3 lease, he also sought to recover in quantum meruit for the reasonable value of the rent, goods, and/or services and breach of contract grounds. However, Pearl did not include any reference in his pleadings to the letter agreement dated October 17, 2001, by which he agreed to locate suitable tenants to lease the space that Peace surrendered.

Even in the absence of his agreement to locate suitable tenants to lease the surrendered space, nevertheless, a duty to mitigate damages is well established by the decision in Austin Hill v. Palisades Plaza, Inc., 948 S.W.2d 293 (Tex. 1997). We construe the issue to present the discrete question whether evidence of the amount of rental for one year provided in new leases covering the surrendered space may be considered evidence of future rental value. Pearl cites no authority supporting his position but presented in an analogous context, in A.G.E., Inc. v. Buford, 105 S.W.3d 667, 677 (Tex.App.--Austin 2003, pet. denied), the court held that an actual agreement between the landlord and a third party regarding rentals to be paid was "certainly relevant evidence of the fair rental value of the property." Also, a no evidence analysis supports the decision in *Buford. Id*. According to Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993), we

- must consider only the evidence and inferences tending to support the finding, viewed most favorably in support of the finding, and disregard all contrary evidence and inferences;
- if more than a scintilla of such evidence exists, the claim is sufficient as a matter of law;

5

- evidence that we may have discounted, had we been making the fact determination, cannot now be judicially erased from the record;

- we are not empowered to convert some evidence into no evidence; and

- circumstantial evidence may be sufficient to establish the material fact.

By the letter agreement, Pearl agreed to seek replacement tenants for the surrendered space.[1] Even though evidence of the new lease rentals may not constitute direct evidence of future rental value, because the property is no doubt comparable in location, design, construction, and zoning or restrictions, we hold that evidence of the new rentals may be considered circumstantial evidence of future rental income. Also, because the evidence of future rentals was admitted into evidence without any limiting instruction, it could have been considered by the factfinder for all purposes. Tex. R. Evid. 105(a); In Re K.S., 76 S.W.3d 36, 40 (Tex.App.--Amarillo 2002, no pet.). Issue one is overruled.

By his second issue, Pearl contends that Peace was not entitled to a credit of $21,700 against future rents for nine months on suite 304 and five months on suite 305 during those months following Peace's breach and before becoming occupied by new tenants. We agree.

---

[1]We note the letter agreement did not prohibit the introduction of evidence of replacement lease rentals nor provide that the replacement leases would not constitute an admission against Pearl's interest.

6

Conceding the trial court correctly found that his damages in unpaid future rent for the four-year period of December 2001 through November 2005 to be $159,600, Pearl contends the $120,000 credit allowed by the trial court was excessive in the amount of $21,700 because the new lease on suite 305 did not begin until May 1, 2002, leaving a five month vacancy and suite 304 remained vacant for nine months. Based on the rental at 62 cents per square foot, Pearl calculates that the $120,000 credit should be reduced by the amount of $21,700. By his response, Peace does not challenge the vacancy and rental calculations but instead, citing *Austin Hill*, 948 S.W.2d at 293, argues that the duty to mitigate damages commenced the month of Peace's partial surrender.

We do not agree with Peace's construction of the holding in *Austin Hill* in the context of this question. While it is clear that Pearl had a duty to mitigate his damages, as announced, a landlord's failure to use "reasonable efforts to mitigate damages bars" any recovery, but "only to the extent that damages reasonably could have been avoided." Because Peace does not contend that Pearl failed to exercise reasonable efforts to immediately re-lease the space when surrendered by Peace, we sustain Pearl's second issue.[2]

---

[2]We also note that by the letter agreement of October 17, Peace expressly agreed to continue to pay the full rent until a new tenant commenced paying rent. Morever, because Peace did not raise mitigation of damages as an affirmative defense, any implied finding is not supported by the pleadings. *See* Rauscher Pierce Refsnes v. GSW, 923 S.W.2d 112, 117 (Tex.App.–Houston [14th Dist.] 1996, no writ).

By his third issue, Pearl contends he was entitled to recover the full amount of attorney's fees as established by uncontroverted evidence. We disagree. The trial court awarded $15,000 attorney's fees through the trial court, plus contingent awards of $5,000 to the Court of Appeals and Texas Supreme Court. Because the testimony at trial indicated a reasonable trial fee was $24,750 and $15,000 for appeal to the Court of Appeals, and $10,000 in the Supreme Court, Pearl contends the trial court abused its discretion in making its award of only $15,000 for trial and $5,000 for appeal.

In determining the reasonable amount of attorney's fees, the trial judge, as the trier of fact, may consider the nature and complexity of the case, the amount in controversy, the amount of time and effort required, and the expertise of counsel in arriving at a reasonable amount of attorney's fees. Stamp-Ad, Inc. v. Barton Raben, Inc., 915 S.W.2d 932, 937 (Tex.App.–Houston [1st Dist.], 1996, no writ); *see also* Tex. Civ. Prac. & Rem. Code § 38.004 (Vernon 2003). In Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1 (Tex. 1991), the Court stated that the short hand version of the rule is that the trial court may award those fees that are reasonable and necessary for the prosecution of the suit. In Ho v. Wolfe, 688 S.W.2d 693, 697 (Tex.App.--Amarillo 1985, no writ), we held that it is clear that the Legislature intended for the judicial knowledge of the usual and customary fees to constitute some evidence on which an award of attorney's fees may be based. Because an award of attorney's fees is within the sound discretion of the trial court it will not be disturbed on appeal absent a clear showing of abuse of discretion. Concluding that a clear showing of abuse of discretion has not been presented, issue three is overruled.

8

Our sustention of Pearl's second issue requires that we modify the trial court's judgment to reduce the credit of $120,000 per the trial court's judgment in the amount of $21,700 so that Pearl's net recovery will be $46,500.16 for accrued rental and future rentals, plus $7,198 for re-leasing commissions, $9,287.68 for costs of repair, plus pre-judgment interest and attorney's fees.  Tex. R. App. P. 43.2(b).  As modified, the judgment of the trial court is affirmed.

Don H. Reavis
Justice