In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-077 CV


____________________



A.M. BARBAR CORPORATION D/B/A 


A+ TRANSMISSION SPECIALISTS AND STEPHEN D. PEOPLES, Appellants


V.



WALTER HELLRIEGEL, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-10-07612 CV






MEMORANDUM OPINION


 On Motion for Rehearing, our opinion of June 29, 2006, is withdrawn, and the
following is substituted in its place. 

 Walter Hellriegel took his vehicle to A.M. Barbar Corporation, doing business as A+
Transmission Specialists, to have his transmission inspected and to obtain an estimate on
repairs. Stephen D. Peoples, president of Barbar, claims Hellriegel authorized the repairs, 
and the repairs were made. Hellriegel did not pay the bill. (1) Barbar and Peoples refused to
release the car. Maintaining he never authorized any repairs, Hellriegel sued Barbar
Corporation and Peoples individually for DTPA violations and fraud, along with other causes
of action. Hellriegel produced evidence of prior instances demonstrating a fraudulent scheme
involving other customers as well. A jury awarded $5,000 for actual damages on the DTPA
and fraud causes of action, and $300,000 in punitive damages against each defendant. The
trial court signed a judgment in December 2004. Peoples filed a motion for new trial which
was overruled by the trial court. In 2005, defendants filed a notice of appeal, and the parties
subsequently filed their briefs with this Court. In 2006, the trial court signed a "Final
Judgment Nunc Pro Tunc." The parties filed additional briefs. 

 Appellants raise five issues. In their initial brief, prior to the "final judgment nunc pro
tunc," Barbar and Peoples contended the 2004 judgment was void because it was not
sufficiently definite and certain. Generally, if the court entering a judgment has jurisdiction
of the parties and the subject matter and does not act outside its capacity as a court, a
judgment is not void. Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003) (citing Mapco, Inc.
v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990)). Errors other than lack of jurisdiction merely
render the judgment voidable so that it may be corrected by ordinary appellate process or
other proper proceedings. Reiss, 118 S.W.3d at 443. Here, the trial court had jurisdiction
over the parties and the subject matter and was acting within its authority as a court. 

 We agree with appellants that the 2004 judgment was not definite or certain, and, as
pointed out by appellee, there was also a conflict between the damage amounts mentioned
in the judgment. A judgment rendered after a conventional trial on the merits is presumed
final. North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897-98 (Tex. 1966). 
However, a judgment must be sufficient to define and protect the parties' rights, or it should
provide a definite means of ascertaining those rights so that the judgment can be executed
without ascertainment of facts not stated in the judgment. Stewart v. USA Custom Paint &
Body Shop, Inc., 870 S.W.2d 18, 19-20 (Tex. 1994) (Uncertain, indefinite "order" of
dismissal was not judgment); see Olympia Marble & Granite v. Mayes, 17 S.W.3d 437, 440
(Tex. App.--Houston [1st Dist.] 2000, no pet.). 

 The original judgment states in part as follows:

 Based upon the jury's verdict, it is ADJUDGED that:

 1. On the claims of FRAUD and TEXAS DECEPTIVE TRADE PRACTICES
ACT violations, the jury finds in favor of Plaintiff, WALTER HELLRIEGEL,
and against Defendant, A.M. BARBAR CORPORATION . . . , in the amount
of $375,000.00 (Three Hundred Twenty Five Thousand and No/100 Dollars). 


Similar language was used in regard to Peoples. The purported "judgment" merely
"adjudges" that the jury made certain findings; there is no order that Hellriegel "have and
recover" anything against the defendants, and different amounts (2) are stated for the same jury
award. The "judgment" signed in 2004 was uncertain, indefinite, and not final.

 In their 2006 brief, appellants argue the trial court lacked jurisdiction to enter the 
2006 "judgment nunc pro tunc" because the modifications made to the judgment were
substantive. (3) If we had questioned, before the trial court acted, whether the 2004 post-trial
judgment was final, we may have abated the appeal to permit the trial court to enter a clearly
final judgment. The 2006 judgment serves that purpose. The 2006 judgment modifies the
2004 interlocutory judgment and, merging with that judgment, disposes of the causes of
action and parties in the suit and constitutes the final judgment. (4) We overrule issue one.

 In issue two, appellants argue the jury compensated Hellriegel twice by assessing
damages for the same injury against Barbar and Peoples; appellants assert the one-satisfaction rule was violated. See Waite Hill Servs., Inc. v. World Class Metal Works, Inc.,
959 S.W.2d 182, 184 (Tex. 1998) (A party is not entitled to more than one recovery for the
same injury.). Appellants argue this suit is about a single injury, and the plaintiff must elect
between the causes of action and the damages awarded. Appellants did not assert the
complaint below and cannot raise these issues for the first time on appeal. See Tex. R. App.
P. 33.1(a); Andrews v. Sullivan, 76 S.W.3d 702, 708 (Tex. App.--Corpus Christi 2002, no
pet.) (Appellants waived complaints regarding award of attorney's fees, punitive damages,
and violation of the one-satisfaction rule, because no objection was made and ruled on by the
trial court as required to preserve error.); Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635,
638 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Issue two is overruled.

 In issue three, Barbar and Peoples argue the evidence is legally insufficient to support

the jury's findings on actual damages. To preserve a legal sufficiency challenge, a party
must do one of the following: (1) present a motion for instructed verdict or judgment
notwithstanding the verdict; (2) object to the submission of a jury question; (3) present a
motion to disregard the jury's answer to a vital fact issue; or (4) file a motion for new trial. 
Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991). Appellants did not challenge the legal
sufficiency of the evidence supporting the actual damages award in a motion for new trial
or elsewhere before the trial court. The issue is not preserved. Issue three is overruled.

 In issue four, appellants Barbar and Peoples contend the evidence is insufficient to
support the jury's answer to question two. Predicated on an alter ego instruction, question
two asks whether Peoples, individually, is responsible for Barbar Corporation's conduct. 
The jury answered yes. Texas law allows a person to incorporate a business and normally
shield himself from personal liability for the corporation's contractual obligations. Willis v.
Donnelly, 49 Tex. Sup. Ct. J. 661, 2006 Tex. LEXIS 505, at *19 (Tex. June 2, 2006). "Under
current law, by statute, a shareholder 'may not be held liable to the corporation or its obligees
with respect to . . . any contractual obligation of the corporation . . . on the basis that the
holder . . . is or was the alter ego of the corporation or on the basis of actual or constructive
fraud, a sham to perpetrate a fraud, or other similar theory . . . .'" Id. at *21 (quoting Tex.
Bus. Orgs. Code Ann. § 21.223(a) (Vernon Supp. 2006)). "There is a statutory exception
to this rule where the shareholder 'caused the corporation to be used for the purpose of
perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal
benefit of the' shareholder." Willis, 2006 Tex. LEXIS 505, at *21 (quoting Tex. Bus. Orgs.
Code Ann. § 21.223(b) (Vernon Supp. 2006). 

 The jury question and instruction do not precisely track the "contractual obligation"
alter ego statute, though they do employ the wording of a Texas Pattern Jury Charge on alter
ego. See Comm. on Pattern Jury Charges, State Bar of Tex., Pattern Jury
Charges-Business, Consumer, Insurance, Employment PJC 108.1, 108.2 (2003).
Appellants did not object to the jury question two and only challenge the sufficiency of the
evidence to support the jury's alter ego finding. "[I]t is the court's charge, not some other
unidentified law, that measures the sufficiency of the evidence when the opposing party fails
to object to the charge." Osterberg v. Peca, 12 S.W.3d 31, 55 (Tex. 2000). 

 In a no-evidence or legal sufficiency review, (5) we credit evidence that supports the
verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors
could not. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). The no-evidence
challenge fails if more than a scintilla of evidence supports the challenged finding. Id. at
810. However, evidence that is "so weak as to do no more than create a mere surmise or
suspicion[,]" is not more than a scintilla. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601
(Tex. 2004) (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). The trier
of fact may draw reasonable and logical inferences from the evidence. Hammerly Oakes,
Inc. v. Edwards, 958 S.W.2d 387, 392 (Tex.1997). It is within the province of the jury to
draw one reasonable inference from the evidence although another inference could have been
made. See City of Keller, 168 S.W.3d at 821. "Jurors are the sole judges of the credibility
of the witnesses and the weight to give their testimony." Id. at 819. 

 Appellants argue there was "no evidence [Peoples] used A+ Transmission for the
purpose of perpetrating a fraud [nor] that he did actually perpetrate a fraud on Hellr[ie]gel
for [Peoples'] direct personal benefit." The record includes evidence that Peoples committed
fraud against Hellriegel, the jury found both Peoples and Barbar Corporation committed
fraud, and Peoples and Barbar have not challenged those findings on appeal. The challenge
appears to be to the alter ego finding, and specifically to whether Peoples used the
corporation for the purpose of committing the fraudulent scheme, and to whether he
committed the fraud for his own direct personal benefit. 

 In testifying about the corporation's status, Peoples stated Barbar was not closed
down, and the corporate headquarters was a post office box. He acknowledged he is the
corporation. Peoples appears to argue he could not personally benefit from any alleged
fraud, because Hellriegel never paid for the repairs. At trial, however, Peoples testified he
was keeping Hellriegel's vehicle at Peoples' house for safekeeping; Peoples indicated he was
allowing the corporation to store it there. From Peoples' testimony and the evidence of
similar conduct directed at other customers, the jury reasonably could have inferred Peoples
used the corporate form to perpetrate the fraud and that Peoples was going to personally
benefit from the fraud by either getting the money or keeping the car. The evidence is legally
sufficient to support the jury's answer to question two. We overrule issue four. 

 In issue five, appellants contend the exemplary damages exceed statutory limits and
are constitutionally excessive. (6) Compensatory damages redress the loss the plaintiff has
suffered by the defendant's wrongful conduct, while exemplary damages serve the broader
purposes of deterrence and retribution. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S.
408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003)(citing Cooper Indus., Inc. v. Leatherman
Tool Group, Inc., 532 U.S. 424, 432, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001)). The jury
awarded $5,000 in actual or compensatory damages, and assessed $300,000 in exemplary
damages against each defendant. Under Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b)
(Vernon Supp. 2006), the statutory cap on exemplary damages in this case is $200,000. (7) The
exemplary damage awards exceed this cap. 

 Furthermore, an exemplary damage award may violate a litigant's substantive due
process right to protection from grossly excessive damages. BMW of N. Am., Inc. v. Gore,
517 U.S. 559, 575, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); see Baribeau v. Gustafson, 107
S.W.3d 52, 63 (Tex. App.--San Antonio 2003, pet. denied). When reviewing an exemplary
damage award under the due process clause of the Fourteenth Amendment, a court considers
three factors: (1) the degree of reprehensibility of the defendant's misconduct; (2) the
disparity between the actual or potential harm suffered by the plaintiff and the punitive
damages awarded; and (3) the difference between the punitive damages awarded and the civil
penalties authorized or imposed in comparable cases. Campbell, 538 U.S. at 418 (citing
Gore, 517 U.S. at 575). 

 In evaluating the reprehensibility of the defendants' conduct, the reviewing court
considers the following factors:

 (a) Was the harm physical or economic?

 (b) Did the tortious conduct demonstrate a reckless disregard of the health or safety

 of others?

 (c) Did the target of the conduct have financial vulnerability?

 (d) Did the conduct involve repeated actions or was it an isolated incident?

 (e) Was the harm the result of intentional malice, trickery, deceit, or mere accident?


See Campbell, 538 U.S. at 419. Here, the harm was economic. Repairs were made that
Hellriegel did not authorize. Hellriegel was deprived of his vehicle and paid for insurance
on a car to which he no longer had access. Defendants' conduct did not involve health or
safety issues. The record contains evidence the defendants' conduct in making unauthorized
repairs of customers' vehicles was repeated, and the conduct was not accidental or simply
a breach of contract, but involved fraud. The evidence of deceit involving a fraudulent
scheme warrants imposition of exemplary damages. 

 A lesser sum would satisfy the objective of exemplary damages without violating due
process. We consider the disparity between the exemplary and actual damages awards. The
ratio of $300,000 (punitives) to $5,000 (actuals) is 60-to-1. Considering also Peoples' alter
ego liability for the exemplary damages assessed against the corporation, the damages are
excessive. Although the Supreme Court has not set out a bright-line ratio, the Court has
found that single-digit multipliers are more likely to satisfy due process concerns. Campbell,
538 U.S. at 425. The Court cited with approval two earlier opinions that employed a 4-to-1
ratio; one case concluded that an award of more than four times the amount of compensatory
damages might be close to the line of constitutional impropriety. Id. (citing Pacific Mut. Life
Ins. Co. v. Haslip, 499 U.S. 1, 23-24, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), and Gore, 517
U.S. at 581)). Here, the ratio far exceeds the single-digit ratio suggested by the Supreme
Court as satisfying due process. See Campbell, 538 U.S. at 425. 

 Courts must ensure the measure of punishment is reasonable and proportionate to the
amount of harm to the plaintiff. Id. at 426. The difference between the punitive damages
awarded by the jury here and civil penalties authorized or imposed for similar conduct is
significant. See, e.g., Tex. Bus. & Com. Code Ann. § 17.50(b)(1) (Vernon Supp. 2005). 
The punitive damage awards violate due process.

 Barbar Corporation did not file a motion for new trial and did not raise the excessive
damages claim below, though it raises the issue on appeal. The claim against Barbar
Corporation is for the same injury and conduct as that for which the jury found Peoples
individually liable. In answering question two, the jury found Peoples responsible for
Barbar's conduct and punished him. Peoples has preserved the excessive punishment claim. 

 On Motion for Rehearing, Hellriegel argues this Court cannot reverse and remand the
$300,000 award against Barbar, because Barbar did not preserve error. See U.S. Fire Ins. Co.
v. Carter, 473 S.W.2d 2 (Tex. 1971). The effect of the jury's finding to question two is to
impose liability on Peoples for the award against Barbar. The jury found Peoples was
responsible for Barbar's conduct, and the judgment is based on the jury's verdict. The
"excessiveness" complaint for the exemplary damage award was preserved by Peoples for
appellate review, and the award assessed against Barbar is necessarily reviewed as part of
his challenge. (8) Otherwise, we would be ignoring a possible basis for the punitive damage
award in the judgment entered against Peoples despite his preservation of the issue for
review. The jury in effect found he is the corporation. Given the jury's answer to question
two, we could not affirm the award against the corporation without implicitly rejecting
Peoples' excessiveness challenge. 

 The amount of the exemplary damage award is so contrary to statutory provisions and
federal constitutional standards that the verdict is clearly wrong and unjust. See generally
Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406 (Tex. 1998). We sustain issue five. The
judgment must be reversed and the cause remanded to the trial court for a new trial unless
a remittitur will cure the reversible error. See Tex. R. App. P. 43.3(b), 46. 

 In his motion for rehearing, Hellriegel conditionally (9) tendered "a voluntary remittitur
of $285,000 of the exemplary damage award against Peoples and/or $285,000 of the
exemplary damage award against Barbar." We determine this voluntary remittitur cures the
only reversible error preserved for appellate review. The voluntary remittitur (10) of $570,000
in the award of exemplary damages is accepted. See Tex. R. App. 46.5. We reform the trial
court's judgment to award $15,000 in exemplary damages against Peoples and $15,000
against A.M. Barbar Corporation. We affirm the judgment as reformed. 

 AFFIRMED AS REFORMED. 


 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on March 23, 2006

Opinion Delivered August 31, 2006

 

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The bill was $2,641.18 of which Hellriegel offered to pay $1,500. Hellriegel said
Peoples refused the $1,500 amount. 
2. The judgment first states "$375,000" and then "Three Hundred Twenty Five
Thousand[.]" 
3. Were this a judgment nunc pro tunc modifying a final judgment, Tex. R. Civ. P.
306a(6), 316, and 329b(h), along with Tex. R. App. 4.3(b), would apply.
4. Appellants filed a notice of appeal after the 2004 interlocutory judgment, but before
the judgment was made final in 2006. Pursuant to Tex. R. Civ. P. 27.1(a), appellants' March
1, 2005, notice of appeal constitutes a premature notice that is deemed timely filed. The
parties submitted briefs to this Court before and after the 2006 final judgment. We have
considered all briefs filed. 
5. We interpret issue four as a no-evidence point, because appellants argued in terms
of "no evidence" and specifically requested a rendition under issue four. 
6. In general terms, Peoples raised the excessiveness of the punitive awards in his
motion for new trial. Barbar did not file a motion for new trial. See Tex. R. Civ. P.
324(b)(4). In the first appellate brief, Peoples raised excessiveness of the punitive damages
award on statutory grounds and added the constitutional grounds in a subsequent brief. We
consider both statutory and constitutional grounds. 
7. Section 41.008(b) provides as follows:

 (b) Exemplary damages awarded against a defendant may not exceed an amount equal
to the greater of:

 (1) (A) two times the amount of economic damages; plus

 (B) an amount equal to any noneconomic damages found by the 
 jury, not to exceed $750,000; or

 (2) $200,000.
8. Hellriegel relies on Menetti v. Chavers, 974 S.W.2d 168 (Tex. App.--San Antonio
1998, no pet.), and argues that a shareholder individually lacks standing to challenge the
claims against a corporation in an alter ego context. In Menetti, however, alter ego was never
established. Id. at 173. By footnote, the court stated as follows: "If the corporate veil is
pierced, the shareholders are considered the equivalent of the corporation, not separate
parties with individual defenses. The corporation's liability becomes the shareholder's
liability absolutely." Id. at 171 n.5. 
9. Hellriegel voluntarily tenders a remittitur should this Court reverse and remand the
judgment "against Peoples and/or Barbar." 
10. Appellants argue this Court cannot suggest a remittitur of damages and remand is
the only appropriate disposition. They cite Pope v. Moore, 711 S.W.2d 622 (Tex. 1986),
where the Supreme Court held that if the court of appeals finds the evidence supporting
actual damages is factually sufficient, the court cannot then suggest remittitur of actual
damages. Here, the excessiveness claim relates to exemplary damages, which appellants
have challenged on due process and statutory grounds. Rule 46.5 of the Texas Rules of
Appellate Procedure provides in part as follows:

 If a court of appeals reverses the trial court's judgment because of a legal error
that affects only part of the damages awarded by the judgment, the affected
party may . . . voluntarily remit the amount that the affected party believes will
cure the reversible error. . . .If the remittitur is timely filed and the court of
appeals determines that the voluntary remittitur cures the reversible error, then
the court must accept the remittitur and reform and affirm the trial court
judgment in accordance with the remittitur.

We have found the exemplary damages award is excessive and erroneous under the statute
and the constitution. We determine the voluntary remittitur is sufficient to cure the reversible
error. Under Rule 46.5 we "must accept the remittitur and reform and affirm the trial court's
judgment in accordance with the remittitur."